A.V. BY VERSACE, INC., Plaintiff,

v.

GIANNI VERSACE, S.p.A. and Alfredo Versace, Defendants.

and

Gianni Versace, S.p.A., Third–Party Plaintiff,

v.

Anthony J. Pellegrino, Patrick Marano, and John Does 1–10, Third–Party Defendants.

Gianni Versace, S.p.A., Plaintiff,

v.

Alfredo Versace and Foldom International (U.S.A.), Inc., Defendants.

Nos. 96CIV.9721(PKL)(THK), 98CIV.0123(PKL)(THK).

United States District Court, S.D. New York.

March 21, 2002.

David Jacoby, Phillips Nizer Benjamin Krim & Ballon LLP, New York City, for plaintiff.

Bryan J. Holzberg, Melville, NY, for defendant.

### MEMORANDUM ORDER

LEISURE, District Judge.

In an Opinion and Order and Report and Recommendation dated January 9, 2002, United States Magistrate Judge Theodore H. Katz granted plaintiff Gianni Versace, S.p.A.'s ("Gianni Versace") motion for sanctions against defendant Alfredo Versace for his long term refusal to obey three discovery orders issued by the Court. As a sanction for his misconduct under Rule 37 of the Federal Rules of

Civil Procedure, Magistrate Judge Katz ordered Alfredo Versace to pay Gianni Versace's costs and attorneys' fees incurred in attempting to secure compliance with the discovery orders, and recommended that both Alfredo Versace's Answer in 98 Civ. 0123, and his Answer and cross-claim in the related action, 96 Civ. 9721, be stricken. This Court has reviewed the papers in connection with the motion, and reviewed *de novo* those portions of the Opinion and Order and Report and Recommendation which are dispositive and to which Alfredo Versace has raised objections.[1] *See* Fed.R.Civ.P. 72(b); *see also* 28 U.S.C. § 636(b)(1)(B)-(C). Having reviewed all of the submissions in the instant action, and the transcripts of the hearings before Magistrate Judge Katz, this Court adopts Magistrate Judge Katz's Opinion and Order and Report and Recommendation in its entirety.

Alfredo Versace's objections, dated January 21, 2002, raise essentially the same arguments that were thoroughly considered by Magistrate Judge Katz. *See* Defendant's Objections to Magistrate Judge Katz's Order, dated January 21, 2002 ("Defendant's Objections"). Extended analysis of those issues is unnecessary as this Court agrees with the analysis set forth in Magistrate Judge Katz's Opinion and Order and Report and Recommendation.

Briefly turning to one argument raised by Alfredo Versace for the first time in his objections, this Court rejects Alfredo Versace's request for a hearing. *See* Defendant's Objections at ¶ 1A. Alfredo Versace has requested a hearing before this Court "wherein [Alfredo Versace] waives attorney-client privilege, in which former counsel Kupferman's letter, Mr. Versace's understanding of his discovery obligations referenced therein and Mr. Kupferman's advise [sic] to Mr. Versace would be fully and in context set forth." *Id.*

Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges. Neither Rule 72 nor Section 636 makes provision for a hearing following the entry of objections by a party opposing a Magistrate Judge's decision. Under Rule 72(b), the district court judge to whom the case is assigned must make a *de novo* determination as to any portion of a magistrate judge's decision which provides dispositive relief and to which objections have been filed. In the instant action, therefore, the Court must make a *de novo* determination

---

1. Alfredo Versace has raised general objections which appear to address Magistrate Judge Katz's determination that Alfredo Versace's Answer in 98 Civ. 0123, and his Answer and cross-claim in the related action, 96 Civ. 9721, be stricken. *See* Defendant's Objections to Magistrate Judge Katz's Order, dated January 21, 2002 ("Defendant's Objections") ("Defendant, Alfredo Versace, by his attorney, Bryan J. Holzberg, ... hereby objects to and appeals from the Order of Magistrate Judge Katz striking Versace's Answer and finding him in Contempt of Court ...."). Because this portion of Magistrate Judge Katz's Opinion and Order and Report and Recommendation is case dispositive, Rule 72(b) of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636(b)(1)(B)-(C) mandate *de novo* review.

Alfredo Versace apparently does not raise objections to Magistrate Judge Katz's award of Gianni Versace's costs and attorneys' fees incurred in attempting to secure compliance with the discovery orders. *See* Defendant's Objections. Because this portion of Magistrate Judge Katz's decision is not case dispositive, this Court need only apply the clearly erroneous standard to this portion of the decision. *See* Fed.R.Civ.P. 72(a) (stating that non-dispositive decisions shall be set aside only if "clearly erroneous or contrary to law."); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

regarding Magistrate Judge Katz's recommended sanction of striking Alfredo Versace's pleadings in both actions, because Alfredo Versace has filed objections and this sanction will in effect cause a default judgment. *See* Fed.R.Civ.P. 72(b) ("The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule."); *see also* 28 U.S.C. § 636(b)(1)(B)-(C)("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

▪ A *de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made. *See New Leadership Comm. v. Davidson*, 23 F.Supp.2d 301, 304 (E.D.N.Y.1998); *Gwen Sportswear, Inc. v. State Mutual Life Assurance Co. of America*, No. 85 Civ. 3502, 1991 WL 130892, at *1 (S.D.N.Y. July 8, 1991); 12 Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, *Federal Practice and Procedure* § 3070.2 at p. 374 (1997); *see also United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (holding, in the criminal context, that a district court's obligation to make a *de novo* determination with respect to the portions of a magistrate judge's report and recommendation to which objections are made did not require a *de novo* hearing). Moreover, Alfredo Versace apparently requests this hearing in order to argue that his discovery derelictions were due to advice given to him by his former attorney, Theodore R. Kupferman, Esq. *See* Defendant's Objections at ¶ 1A. However, Alfredo Versace made this argument to Magistrate Judge Katz, and Magistrate Judge Katz's Opinion

and Order and Report and Recommendation thoroughly considers, and rejects this argument. *See* Affidavit of Alfredo Versace, November 30, 2000; Transcript of Nov. 20, 2000 hearing in front of Magistrate Judge Katz (Bryan J. Holzberg, Esq., representing Alfredo Versace and arguing that Alfredo Versace had been confused by Mr. Kupferman's views about Alfredo Versace's discovery obligations); *see also* Affidavit of Alfredo Versace, May 15, 2000, at ¶ 9 (relating, by its terms, to a prior contempt proceeding, but claiming that Mr. Kupferman had advised Alfredo Versace that he had produced all documents requested); *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, Nos. 96 Civ. 9721, 98 Civ. 0123, 2002 WL 54610 *passim* (S.D.N.Y. January 15, 2002) (Katz, M.J.).

Indeed, because Mr. Kupferman's motion to withdraw as Alfredo Versace's counsel was granted on June 28, 2000, Alfredo Versace had ample opportunity during the pendency of the instant motion to present any further evidence to Magistrate Judge Katz supporting an advice of counsel defense implicating Mr. Kupferman. *See A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, Nos. 96 Civ. 9721, 98 Civ. 0123, 2000 WL 863452, at *1–3 (S.D.N.Y. June 28, 2000) (Leisure, J.) (granting Mr. Kupferman's motion to withdraw as counsel and noting that Mr. Kupferman maintained that "on March 8, 2000, [Alfredo Versace] terminated Tunick Kupferman's legal services and ceased communicating with members of the firm"). Alfredo Versace did not do so, and offers no justification for his failure to do so.

▪ It is well settled in the Second Circuit that trial courts have the discretion to reject evidence not presented to the Magistrate Judge. *See, e.g., Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir.1998) ("Considerations of efficiency and fairness

militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's de novo review."). District courts are on particularly firm footing when rejecting supplemental evidence from a party that fails to explain why the evidence was not presented to the Magistrate Judge. *See Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir. 1994) (finding no abuse of discretion in the district court's refusal to consider supplemental evidence where the plaintiff did not explain why the evidence had not been presented before the magistrate judge); *Pan American World Airways, Inc. v. International Bhd. of Teamsters,* 894 F.2d 36, 40 n. 3 (2d Cir.1990) (upholding the district court's refusal to permit the plaintiff to present additional testimony where the plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"). In the instant action, Alfredo Versace offers no new evidence, but requests a hearing regarding evidence which he has already offered, or at least had the opportunity to offer, to Magistrate Judge Katz. Therefore, the Court rejects Alfredo Versace's request for a new hearing.

**SO ORDERED.**