# In re SOLV–EX CORPORATION SECURITIES LITIGATION.

## Docket No. 02–7668.

United States Court of Appeals, Second Circuit.

April 17, 2003.

John S. Rendall, Albuquerque, NM, for Appellant, pro se.

Robert A. Wallner, Milberg, Weiss, Bershad, Hynes, Lerach LLP (Wechsler, Harwood LLP, on the brief), New York, NY, for Appellees.

Present: WALKER, Chief Judge, OAKES, and WINTER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said District Court is **AFFIRMED.**

Defendant-appellant John Rendall, *pro se,* appeals from the May 6, 2002 order of the United States District Court for the Southern District of New York granting plaintiffs' motion for voluntary dismissal, pursuant to Fed.R.Civ.P. 41, and denying Rendall's motion for leave to amend his answer. We affirm.

Plaintiffs are owners of common stock of defendant Solv–Ex Corporation ("Solv–Ex"). In October 1996, plaintiffs initiated this action against Solv–Ex and its chief officers and directors, including Rendall, the Chief Executive Officer and Chairman of the Board of Directors of Solv–Ex, al-

leging various claims under federal and state law. Although the action was styled as a class action, the class was never certified pursuant to Fed.R.Civ.P. 23.

Between August 1997 and January 1999, defendants obtained approximately ten extensions of time to file their answer. During that period, Solv–Ex filed for bankruptcy and, in accordance with the bankruptcy court's reorganization plan, the district court dismissed the claims against Solv–Ex, with prejudice, in June 1999 leaving only Rendall and the other officers and directors as individual defendants. In the fall of 2000, the district court granted Rendall's counsel's motion to be relieved, allowing Rendall to proceed *pro se*. In December 2000, Rendall filed an answer and counterclaim alleging that plaintiffs' counsel had brought the action in bad faith. In February 2001, Rendall withdrew his counterclaim, without prejudice. In June 2001, Rendall moved to amend his answer to include the previously withdrawn counterclaim. The district court denied the motion, and in January 2001 Rendall moved, a second time, to amend his answer to include a counterclaim against "the short sellers of Solv–Ex," who were defendants in another action. In March 2001, plaintiffs moved for a voluntary dismissal and discontinuance, pursuant to Fed.R.Civ.P. 23(e) and 41(a)(2), because the defendants' financial records revealed that they lacked the assets or insurance that would enable them to satisfy a potential judgment. The district court granted plaintiffs' motion to voluntarily dismiss the action and denied Rendall's motion to amend his answer, specifically noting that: (1) Rendall's potential counterclaim was non-specific, "border[ed] on incoherent and frivolous," and was against non-parties, and thus did not warrant leave to amend; and (2) Rendall was, in any event, free to commence a separate action against those whom he believed he had claims against. Rendall appeals that order.

We review voluntary dismissals under Rule 41(a)(2), as well as denials of leave to amend, for abuse of discretion. *See Local 802, Associated Musicians v. Parker Meridien Hotel,* 145 F.3d 85, 89–90 (2d Cir. 1998) (leave to amend); *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir.1990) (voluntary dismissal). As Rendall is proceeding *pro se,* we construe his submissions liberally. *See Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996). When a defendant does not consent to the voluntary dismissal of an action, such dismissals may be granted only "upon such terms and conditions as the court deems proper." *See* Fed.R.Civ.P. 41(a)(2). Factors used to determine when a voluntary dismissal is proper include: (1) the plaintiffs' diligence in bringing the motion; (2) any "undue vexatiousness" on the plaintiffs' part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of re-litigation; and (5) the adequacy of plaintiffs' explanation for the need to dismiss. *See Catanzano v. Wing,* 277 F.3d 99, 109–10 (2d Cir. 2001); *Zagano,* 900 F.2d at 14.

After reviewing these factors, we conclude that the district court did not abuse its discretion in granting the plaintiffs' motion for voluntary dismissal: (1) plaintiffs did not delay in bringing the motion; (2) there is no suggestion that plaintiffs were attempting to harass Rendall by pursuing their legal claims; (3) the action has progressed very little and, as no discovery has taken place, the expense to Rendall has been relatively minimal; (4) plaintiffs' explanation for dismissing the action—Rendall's inability to satisfy any judgment entered—is entirely reasonable.

Rendall's claim that the district court improperly denied him leave to amend his answer to add a counterclaim is equally meritless. Rendall's proposed counterclaim sought to add a claim against individuals who were not parties to the original action. In light of the dismissal of the complaint, the district court acted within its discretion in denying the motion to amend. *See Finley v. Giacobbe,* 79 F.3d 1285, 1298 (2d Cir.1996).

Finally, Rendall contends that the dismissal was erroneous because proper notice of dismissal was not provided under Fed.R.Civ.P. 23(e) to the putative class members. Plaintiffs were never actually certified as a class. Assuming arguendo that notice is required prior to dismissal when a class has not yet been certified, *see* 7B Wright & Miller, Federal Practice & Procedure § 1797 (2d ed.2003), plaintiffs in this action provided adequate notice. First, plaintiffs disseminated notice of the dismissal over *Business Wire,* the medium used at the outset of the litigation to provide notice of the suit to prospective class members. Second, plaintiffs mailed a copy of the order of dismissal to putative class members who had written to plaintiffs' co-lead counsel. We find that this method of providing notice, of which the district court approved, was reasonable in the circumstances and was not likely to prejudice any of the shareholders.

We have reviewed appellant's other arguments and find them to be without merit. Accordingly, for the reasons discussed, the judgment of the district court is hereby **AFFIRMED.**