Gianni **VERSACE,** S.P.A., Defendant–Third–Party–Plaintiff–Cross–Claimant–Appellee,

**A.V. by Versace, Inc., Plaintiff–Counter–Defendant,**

v.

Alfredo **VERSACE,** Defendant–Cross–Defendant–Third–Party–Plaintiff–Counter–Claimant–Counter–Defendant–Appellant,

Transportation Services, Inc., TSI Equipment, Inc., Kinney Shoe Corporation, John Does 1–10, Third–Party–Defendants,

Anthony J. Pellegrino, Patrick Marano, Third–Party–Defendants–Counter–Claimants.

No. 06–0526.

United States Court of Appeals, Second Circuit.

Jan. 10, 2007.

Leonard Zack (Christopher Macchiaroli, of counsel), Leonard Zack & Associates, New York, NY, for Appellant.

Elizabeth A. Adinolfi, Phillips Nizer, LLP, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Circuit Judge, and Hon. JOSEPH F. BIANCO, District Judge.*

### SUMMARY ORDER

Alfredo Versace ("Alfredo") appeals from the January 12, 2006 judgment of the District Court for the Southern District of New York (Leisure, J.) entering a permanent injunction barring Alfredo from using the name "Versace" in connection with any commercial activity anywhere in the world. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 1998, the district court entered a preliminary injunction barring Alfredo from using the name "Versace" unless accompanied by a disclaimer stating that Alfredo was not affiliated with Gianni Versace, S.p.A. ("GV"). The territorial reach of the preliminary injunction was somewhat ambiguous until 2001, when the district court clarified that it applied extraterritorially.

In 2000, Alfredo was sanctioned for violating the preliminary injunction by selling infringing goods over the internet. In 2002, he was sanctioned again for continuing internet sales and for selling watches, jeans, and handbags without the required disclaimer. In the wake of these violations, the district court modified the injunction to prohibit Alfredo from commer-

---

* The Honorable Joseph F. Bianco, United States District Court for the Eastern District of New York, sitting by designation.

cially using "Versace" in any way, with or without a disclaimer.

Alfredo's infringing activities continued unabated. In 2004, Alfredo violated a court order to account for profits derived from improper use of "Versace," and continued to violate the injunction, this time in connection with bottled water labeled "Designed by Alfredo Versace" and a business named "Versace Boutique." The district court sanctioned Alfredo again, finding that he had "repeatedly disobeyed and ignored orders of the Court," had exhibited "continued contumacy" that "seriously threaten[ed] [GV's] legitimate business interests," and had displayed a "continued contempt … for the authority of the federal judiciary." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.,* No. 96 Civ. 9721, 2004 WL 691243, at *9 (S.D.N.Y. Mar.31, 2004).

Following the entry of default judgment and partial summary judgment in favor of GV, the district court granted GV's request for a permanent injunction in 2005. *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.,* No. 96 Civ. 9721, 2005 WL 147364, at *5 (S.D.N.Y. Jan.24, 2005). The terms of the permanent injunction were approved, and the injunction entered, one year later. *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.,* No. 96 Civ. 9721, 2006 WL 90062, at *1 (S.D.N.Y. Jan.12, 2006).

"We review a district court's entry of a permanent injunction in a trademark case for abuse of discretion, and we review *de novo* questions of law concerning the district court's authority to grant the injunction." *Starter Corp. v. Converse, Inc.,* 170 F.3d 286, 298 (2d Cir.1999). "We review the scope of the injunction for abuse of discretion." *Sterling Drug, Inc. v. Bayer AG,* 14 F.3d 733, 744 (2d Cir.1994).

■ The district court's extraterritorial application of the injunction was not error. Under *Vanity Fair Mills v. T. Eaton Co.,*

a court must consider three factors before imposing an extraterritorial injunction: (1) the citizenship of the enjoined party; (2) the potential conflict with foreign trademark laws; and (3) the existence of a substantial effect on United States commerce. 234 F.2d 633, 642 (2d Cir.1956). On appeal, Alfredo argues only that the district court failed to consider adequately the fact that he is a United States resident rather than a citizen. But Alfredo's forty years of residence and business activity in the United States, and his relationship with a United States corporation (Foldom International (U.S.A.), Inc.), are sufficient to support the international reach of the permanent injunction when taken together with the district court's unchallenged conclusions regarding the lack of conflict with foreign law and the existence of a substantial effect on commerce. *Id.* at 643 (noting that it is not necessary for all three factors to weigh completely in favor of extraterritoriality); *cf. Totalplan Corp. v. Colborne,* 14 F.3d 824, 830 (2d Cir.1994) (foreign citizenship "alone may not be sufficient to defeat" extraterritorial application).

■ Nor did the district court abuse its discretion by refusing to permit Alfredo to use "Versace" accompanied by a disclaimer or by refusing to limit the injunction to certain (unspecified) countries. A district court must be permitted to fashion an "injunction which will keep a proven infringer safely away from the perimeter of future infringement." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.,* 317 F.3d 209, 220 (2d Cir.2003) (quoting 5 *McCarthy on Trademarks and Unfair Competition* § 30:4, at 30–12 (4th ed.2002)). For that reason, we have recognized that "a party who has once infringed a trademark may be required to suffer a position less advantageous than that of an innocent party." *Oral–B Labs., Inc. v. Mi–Lor Corp.,* 810 F.2d 20, 24 (2d Cir.1987).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**