A.V. BY VERSACE, INC., Plaintiff,

v.

GIANNI VERSACE S.p.A. and Alfredo Versace, Defendants.

Gianni Versace S.p.A., Plaintiff,

v.

Alfredo Versace and Foldom International (U.S.A.), Inc., Defendants.

Gianni Versace S.p.A., Plaintiff,

v.

Alfredo Versace, L'Abbigliamento, Ltd. et al., Defendants.

Nos. 96 Civ. 9721(PKL)(THK), 98 Civ. 0123(PKL)(THK), 01 Civ. 9645(PKL)(THK).

United States District Court, S.D. New York.

June 24, 2009.

Phillips Nizer LLP, Elizabeth A. Adinolfi, Esq., New York, NY, for Gianni Versace S.p.A.

Leonard Zack & Associates, Leonard Zack, Esq., New York, NY, for Alfredo Versace.

## OPINION AND ORDER

LEISURE, District Judge.

Gianni Versace S.p.A. ("Gianni") moves this Court pursuant to Federal Rule of Civil Procedure 41(b) to dismiss the remaining claims in this case as against Alfredo Versace ("Alfredo") and L'Abbigliamento, Ltd.

("L'Abbigliamento"), in light of the poor financial conditions of Alfredo and L'Abbigliamento. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

This case consists of three separate actions which have been consolidated by the Court. The litigation between Gianni and Alfredo began in December 1996 in connection with Alfredo's infringing use of certain Versace trademarks. The factual and procedural backgrounds of the consolidated actions have been set forth in the Court's numerous decisions, with which the Court presumes familiarity. *See A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 446 F.Supp.2d 252 (S.D.N.Y. 2006); *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, Nos. 96 Civ. 9721, 98 Civ. 0123, 01 Civ. 9645, 2006 WL 90062 (S.D.N.Y. Jan. 12, 2006); *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, Nos. 96 Civ. 9721, 98 Civ. 0123, 01 Civ. 9645, 2005 WL 147364 (S.D.N.Y. Jan. 24, 2005); *A.V. By Versace, Inc. v. Versace, S.p.A.*, Nos. 96 Civ. 9721, 98 Civ. 0123, 2004 WL 691243 (S.D.N.Y. Mar. 31, 2004); *Gianni Versace, S.p.A. v. Versace*, No. 01 Civ. 9645, 2003 WL 22023946 (S.D.N.Y. Aug. 27, 2003); *Gianni Versace, S.p.A. v. Versace*, No. 01 Civ. 9645, 2003 WL 470340 (S.D.N.Y. Feb. 25, 2003); *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, Nos. 96 Civ. 9721, 98 Civ. 0123, 2002 WL 2012618 (S.D.N.Y. Sept. 3, 2002); *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F.Supp.2d 404 (S.D.N.Y.2002); *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F.Supp.2d 657 (S.D.N.Y.2001); *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F.Supp.2d 328 (S.D.N.Y.2001); *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F.Supp.2d 281 (S.D.N.Y.2000); *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, No. 96 Civ. 9721, 1998 WL 832692 (S.D.N.Y. Dec. 1, 1998); *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, No. 96 Civ. 9721, 1997 WL 31247 (S.D.N.Y. Jan. 28, 1997).

Now, after more than a decade of litigation, including motion practice, the issuance of a Permanent Injunction, and numerous contempt proceedings against Alfredo, Gianni seeks to discontinue its claims for monetary relief because neither Alfredo nor L'Abbigliamento would be financially capable of satisfying any monetary judgment achieved. Alfredo does not oppose Gianni's motion to discontinue the claims, but the parties have been unable to agree to the terms of a stipulation. In particular, Gianni believes it is imperative for an order dismissing this action to make clear that such dismissal does not impact the existing judgments, the Permanent Injunction, or any other prior Order of this Court. (Decl. of Elizabeth A. Adinolfi, Esq., sworn to on December 12, 2008 ("Adinolfi Decl."), ¶ 7.) According to Gianni, this language is necessary to ensure that Alfredo, and those with whom he had past dealings, do not resume infringing activities, or engage in new infringing conduct. (*Id.* at ¶ 8.) By contrast, Alfredo contends that such language is not necessary since "[t]here is not a scintilla of evidence that [Alfredo] is not in compliance with this [C]ourt's [O]rders and any allegations to the contrary are irresponsible." (Counter Decl. of Leonard Zack, Esq., sworn to on December 15, 2008 ("Zack Decl."), ¶ 7.)

## DISCUSSION

### I. Dismissal Under Rule 41(a)(2)

 Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Thus, a plaintiff is not automatically entitled to dismiss its case without prejudice. However, "[a]lthough voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *In re Fosamax Prods. Liab. Litig. (Greene v. Merck & Co., Inc.)*, 06 Civ. 5088, 06 MD 1789, 2008 U.S. Dist. LEXIS 101539, at *4–5, 2008 WL 5159778, at *2 (S.D.N.Y. Dec. 10, 2008) (Keenan, J.) (internal quotation marks and citations omitted).

Here, neither Alfredo nor L'Abbigliamento objects to Gianni discontinuing this action, nor does either suggest that it would suffer any prejudice from the case's dismissal. In fact, in his opposition papers, Alfredo states

that he does not object to the dismissal of any and all claims of monetary damage against him (*see* Zack Decl. ¶ 9), and L'Abbigliamento did not submit any response to Gianni's motion. (*See* Reply Decl. of Elizabeth A. Adinolfi, Esq., sworn to on December 29, 2008, ¶ 2.)

▮ Notwithstanding the fact that neither defendant argues that it would suffer any prejudice if Gianni discontinues this action, the Second Circuit has set forth factors that are relevant to a district court's determination of whether a defendant would be prejudiced by dismissing the action, including: (1) plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990). While the parties fail to address these factors in their motion papers, the Court will consider each of the *Zagano* factors in deciding whether defendants would be prejudiced by Gianni's proposed dismissal. *See D'Alto v. Dahon Calif., Inc.*, 100 F.3d 281, 283 (2d Cir.1996) (remanding for consideration of the *Zagano* factors where "district court failed to consider the *Zagano* factors in assessing whether the case had proceeded so far along that the defendant would be prejudiced by granting the plaintiffs' application for withdrawal of the case without prejudice.").

▮ In considering the first factor—plaintiff's diligence in bringing the motion—the Court notes that "[i]n order for the plaintiff's delay to militate against a grant of dismissal, the [defendants] must show that [they] expended resources or otherwise detrimentally relied on a reasonable expectation that the plaintiff would pursue its remaining claims." *Banco Central De Para. v. Para. Humanitarian Found., Inc.*, No. 01 Civ. 9649, 2006 U.S. Dist. LEXIS 87093, at *11, 2006 WL 3456521, at *4 (S.D.N.Y. Nov. 29, 2006) (Keenan, J.) (holding that the first factor weighs in favor of plaintiff, even if plaintiff could have filed the motion at an earlier date, since defendants did not show that they suffered prejudice as a result of

plaintiff's delay). In this case, Gianni brings the instant motion after many years of litigation, but after more than a year of inactivity by any party. While it is unclear how long Gianni waited to bring the instant motion after it learned of the financial constraints on Alfredo and L'Abbigliamento, there is no evidence that defendants have suffered prejudice by any delay on Gianni's part. Accordingly, the first factor does not suggest prejudice that would prevent this Court from granting Gianni's motion to dismiss.

▮ Turning to the second factor, whether there is evidence of undue vexatiousness, the Court considers whether the party had " 'ill-motive.' " *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05 Civ. 3939, 2008 U.S. Dist. LEXIS 67474, at *20, 2008 WL 4127830, at *6 (S.D.N.Y. Sept. 2, 2008) (internal citations omitted). "As with the diligence factor, courts find 'ill-motive' where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal." *Id.* at 2008 U.S. Dist. LEXIS 67474, at *20–21, 2008 WL 4127549, at *6. Like the first factor, Alfredo and L'Abbigliamento fail to identify, and this Court fails to see, any way that Gianni allowed defendants to believe that it was pursuing the claims it now seeks to dismiss such that defendants would suffer prejudice from a dismissal.

▮ Similarly, the third factor—the extent to which the suit has progressed—does not suggest that a dismissal would be prejudicial to Alfredo or L'Abbigliamento. In this case, there has been minimal activity over the last year, and, in fact, the majority of the activity over the last few years relates to the various contempt proceedings and the Permanent Injunction, not to the monetary damages claims that Gianni now seeks to dismiss. *See Banco Central*, 2006 U.S. Dist. LEXIS 87093, at *17, 2006 WL 3456521, at *6 (finding that the third factor weighs in favor of dismissal where defendants made no attempt to show that they spent significant resources in discovery and preparing for trial on those claims remaining after summary judgment decision). Indeed, there is no indication that Alfredo or L'Abbigliamento incurred *any* re-

sources in defending against Gianni's claims for monetary damages after this Court denied summary judgment on those claims in 2003. *See Versace,* 2003 WL 22023946, at *13, *15. Therefore, this Court finds that dismissing the monetary damages claims would not prejudice defendants on account of how far this suit has progressed.

 The fourth *Zagano* factor, namely the duplicative expense of relitigation, also weighs in favor of dismissal. " 'The mere prospect of a second litigation' is insufficient to rise to the level of legal prejudice." *Shaw Family,* 2008 U.S. Dist. LEXIS 67474, at *26, 2008 WL 4127830, at *9 (citing *Jones v. SEC,* 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015 (1936); *D'Alto,* 100 F.3d at 283). Other than the chance that Gianni might later bring suit for monetary damages, defendants have not identified, and this Court does not find, any prejudice that Alfredo or L'Abbigliamento would suffer if forced to relitigate. Moreover, even if Gianni pursued its monetary damages claims in the future, defendants would be able to use in any later case whatever discovery material or legal work that has been completed thus far. *See Banco Central,* 2006 U.S. Dist. LEXIS 87093, at *18, 2006 WL 3456521, at *6–7 ( [E]ven if ["plaintiff] were to re-litigate the remaining claims in a future action, whatever work that defendants have done in preparing for trial can easily be used in a subsequent, similar action.").

 Finally, Gianni has offered a good explanation as to why it wishes to dismiss the remaining claims. Specifically, it is entirely reasonable for Gianni to discontinue litigating claims for monetary damages against Alfredo and L'Abbigliamento where those defendants would be unable to pay any judgment Gianni successfully obtains. *See In re Solv–Ex Corp. Sec. Litig.,* 198 F.Supp.2d 587, 594

(S.D.N.Y.2002) (finding "sound basis" to dismiss the matter without prejudice where defendant cannot satisfy any potential judgment and no prejudice was shown), *aff'd,* 62 Fed.Appx. 396, 398 (2d Cir.2003) (finding defendant's inability to satisfy any judgment entered was a reasonable explanation for plaintiff's motion to dismiss the action); *see also Read Corp. v. Bibco Equip. Co., Inc.,* 145 F.R.D. 288 (D.N.H.1993) (granting motion to dismiss where defendant was unable to satisfy any judgment rendered against it). The Court finds that Gianni has provided an adequate explanation for wishing to dismiss its remaining claims.

Having considered the factors relevant to determining prejudice, this Court finds that Gianni's proposed dismissal is not prejudicial to defendants. Accordingly, Gianni's remaining claims are dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2).

## II. Impact of Dismissal on Court's Prior Orders

 The parties have suggested in their motion papers, and during the November 25, 2008 pre-trial conference, that they dispute what provisions, if any, the order of dismissal should include with respect to the Court's previous Orders and the Permanent Injunction. Yet the parties do not make any legal arguments, nor do they cite any cases, concerning the impact such a dismissal would have on those orders or injunction. Nevertheless, this Court finds that Gianni's current motion to dismiss its monetary damages claims against Alfredo and L'Abbigliamento does not alter this Court's issuance of the Permanent Injunction, nor does such a dismissal excuse Alfredo from the Court's many previous contempt orders.[1]

As compared to a Temporary Restraining Order or other provisional remedy, this Court issued the Permanent Injunction after

---

1. The Court is aware that the Second Circuit has noted *in dicta* that, " '( [v]oluntary) dismissal of a suit leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought ..., thus vitiating and annulling all prior proceedings and orders in the case, and terminating jurisdiction over it for reason that the case has become moot.' " *Oneida Indian Nation of N.Y. v. County of Oneida,* 622 F.2d 624, 629 n. 7 (2d Cir.1980) (quoting *A.B.*

*Dick Co. v. Marr,* 197 F.2d 498, 502 (2d Cir. 1952)). Despite this broad language, this Court finds that because there has been a final resolution as to the Permanent Injunction, including affirmation on appeal, and the Court has awarded extensive sanctions in an effort to gain compliance with this injunction, the dismissal of the monetary damages claims does not impact the Permanent Injunction or any of the Court's sanctions against Alfredo.

finding that Gianni had proven actual success on the merits on irreparable harm. *See Versace,* 2006 WL 90062, at *4. Moreover, the Second Circuit affirmed the Court's issuance of the Permanent Injunction. *See Gianni Versace, S.P.A. v. Alfredo Versace,* 213 Fed. Appx. 34, 37 (2d Cir.2007). As such, this final determination should be not disturbed by Gianni's discontinuance of other claims for monetary damages. *Cf. Shady Records, Inc. v. Source Enters., Inc.,* 371 F.Supp.2d 394, 396 (S.D.N.Y.2005) (holding that dismissal dissolves temporary restraining order since, as a provisional remedy, a temporary restraining order is intended to grant relief only while the litigation is pending). It follows that the extensive number of sanction orders, whereby the Court sought to coerce Alfredo's compliance with this injunction and to compensate Gianni for the costs incurred in trying to enforce such compliance, also survive the dismissal. *See Shady Records,* 371 F.Supp.2d at 399 ("Since this Court's contempt award was explicitly intended to compensate plaintiff for the costs incurred in enforcing the modified TRO in light of defendants' reckless violation of the order, that [contempt] award survives the dismissal with prejudice of plaintiff's underlying claims.").

Notably, Alfredo does not suggest that this Court's previous orders are vitiated by a dismissal. In fact, Alfredo, through his counsel, has represented to this Court that he recognizes the continued existence of the Permanent Injunction and this Court's contempt findings. Alfredo's objection is limited to his concern that Gianni's proposed order might suggest that Alfredo is not in compliance with this Court's Orders. (Zack Decl. ¶ 7.) The Court notes for Alfredo's benefit that this Court's recognition of the Permanent Injunction and the associated contempt orders do not suggest a further finding of contempt or a violation of the Permanent Injunction. Nor, however, does Alfredo's purported compliance to date with the Permanent Injunction excuse him from compliance in the future. *See SEC v. Sloan & Co.,* Nos. 71 Civ. 2695, 74 Civ. 5729, 1991 U.S. Dist. LEXIS 12015, at *12–13, 1991 WL 173730, at *5 (S.D.N.Y. Aug. 28, 1991) ("[T]he mere passage of time is not enough to justify vacating the injunction.... In fact,

compliance with what the injunction requires is just what the law expects."). Accordingly, the Court finds that Gianni's discontinuance of the monetary damages claims does not annul the Permanent Injunction or the contempt orders against Alfredo.

## CONCLUSION

For the foregoing reasons, Gianni's motion to dismiss the monetary damages claims against Alfredo and L'Abbigliamento is hereby GRANTED, and those claims are DISMISSED without prejudice. Because there are no other claims left in this case, the Clerk of Court is directed to close this case.

**SO ORDERED.**