Phyllis ZAGANO, Plaintiff–Appellant,
v.
FORDHAM UNIVERSITY and George
N. Gordon, Defendants–Appellees.

Nos. 779, 780, Dockets 89–7757, 89–9007.

United States Court of Appeals,
Second Circuit.

Argued Feb. 14, 1990.

Decided March 29, 1990.

Opinion on Denial of Rehearing
and Rehearing En Banc
May 18, 1990.

Andrew P. Saulitis, New York City (J. Robert Lunney, Lunney & Crocco, New York City, of counsel), for plaintiff-appellant.

Margaret B. Soyster, New York City (Holly A. Cartner, Rogers & Wells, New York City, of counsel), for defendants-appellees.

Before CARDAMONE, WINTER and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge:

Plaintiff-appellant Phyllis Zagano, a former faculty member at defendant-appellee Fordham University, appeals from Judge Owen's dismissal of her complaint with prejudice. The week before the trial was to commence, Zagano moved for voluntary dismissal of her action under Fed.R.Civ.P. 41(a)(2) and then refused to proceed with the trial when that motion was denied. There was no abuse of discretion in the

district court's actions, and we therefore affirm.

## BACKGROUND

From 1980 to 1984, Zagano was employed by Fordham as an untenured assistant professor in its Department of Communications. George Gordon was the chair of that department between 1981 and 1984. In July 1983, Zagano was informed that her teaching contract would not be renewed when it expired in August 1984. Thereafter, she pursued various internal and external remedies, including claims with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("SDHR"). After seeking and receiving a "right to sue letter" from the EEOC, which terminated the EEOC administrative investigation of her complaint, Zagano filed the present action *pro se* under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 (1982).

Zagano's amended complaint, filed by counsel, alleged that Fordham's failure to renew her teaching contract was the result of illegal gender and religious discrimination. Zagano alleged that Gordon had published various pieces in the magazine *Screw* that were both pornographic and anti-Catholic. Zagano asserted that Gordon told her that her involvement in "Catholic matters and affairs" was one reason for her nonrenewal and that, in Gordon's view, the denial of reappointment would also avoid a "female tenure suit" in the future.

In the four years after Zagano filed the Title VII action, both parties pursued discovery and appeared for periodic pretrial conferences before Judge Owen. During this period two witnesses who had participated in the denial of Zagano's reappointment died. Two others, including Gordon, encountered poor health. Meanwhile, the SDHR found probable cause that discrimination had occurred, and a hearing on the merits commenced. Between October 26, 1987 and March 10, 1989, eleven hearing sessions were held by the SDHR without completing the testimony of the first witness, Zagano.

A pretrial conference was held in the Title VII litigation on January 13, 1989. At that conference, defendants' counsel asked whether Zagano intended to pursue the federal action. Her counsel replied that she did. Judge Owen then scheduled the matter for a one-week trial to commence on March 6, 1989. When Zagano's counsel protested that discovery was not yet complete, Judge Owen extended discovery until February 15, 1989. Nevertheless, Zagano made no efforts at further discovery. After the January pretrial conference, defendants proceeded to prepare for trial. On February 13, 1989, however, Zagano, although still represented by counsel, sent a *pro se* letter to Judge Owen requesting that the federal case be "placed on the suspense calendar, subject to restoration by either side" in light of the ongoing hearing before the SDHR. At a status conference in late February, Judge Owen denied the request to place the case on the suspense calendar, but he moved the trial from March 6 to March 15, in part so that Zagano's trial counsel would not have to conduct proceedings before the SDHR and the district court at the same time. On March 6, 1989, appellant moved through counsel for voluntary dismissal of the case pursuant to Fed.R.Civ.P. 41(a)(2), stating as grounds that Zagano had brought the Title VII action "inadvertently" because she had not understood that issuance of a right-to-sue letter would terminate the EEOC's administrative proceedings. The motion also indicated that appellant's counsel preferred the SDHR as a forum because he was "optimistic of reaching a settlement" in the ongoing SDHR proceedings. Finally, Zagano's counsel claimed that he was ill-equipped to conduct both the SDHR hearings and the federal trial because of advanced age and inexperience.

On March 15, 1989, the day on which the federal trial was to begin, Zagano's counsel appeared and indicated that Zagano did not intend to proceed with the case. After hearing argument on the Rule 41(a)(2) motion, Judge Owen denied it on the grounds that it had been made too late, that Zagano had used the federal action as an "instrument of vexation," and that defendants would be prejudiced because of the time spent preparing the case for the scheduled trial and the diminishing availability and recollection of witnesses. Judge Owen then directed Zagano's counsel to proceed with the trial, but he declined. Defendants moved for dismissal with prejudice pursuant to Fed.R.Civ.P. 41(b), and Judge Owen granted the motion. Plaintiff appeals.[1]

---

**1.** After judgment was entered in this action, defendants sought and received an order from the district court pursuant to the All Writs Act, 28 U.S.C. § 1651(a) (1982), enjoining the plaintiff and the SDHR from relitigating her claims in frustration of the court's judgment dismissing

## DISCUSSION

It is beyond dispute that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial.[2] The only issue, therefore, is whether Judge Owen abused his discretion in denying plaintiff's Rule 41(a)(2) motion.

 Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Voluntary dismissal without prejudice is thus not a matter of right. Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss. *See Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 259 (E.D.N.Y.1986); *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 15 F.R.D. 14, 18 (S.D.N.Y.1953); *see also Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir.1985) (claim withdrawn after trial but before submission to jury dismissed with prejudice for plaintiff's failure to show need for retrial elsewhere); *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969) (dismissal without prejudice properly denied where discovery considerably advanced and defendant's motion for summary judgment pending). Moreover, the denial of a motion to dismiss without prejudice will be reviewed only for abuse of discretion. *See Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir.1986), *cert. denied*, 480 U.S. 906, 107 S.Ct. 1349, 94 L.Ed.2d 520 (1987); *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364, at 161–62 (1971 & Supp.1990) (stating the standard of review).

 The circumstances here amply justified the district judge's denial of the Rule 41(a)(2) motion. Under any test, the motion was made far too late. The action had

been pending for over four years, during which it was contested vigorously, if sporadically, and extensive discovery had taken place. Zagano's counsel had affirmatively indicated at the January conference that she intended to pursue the Title VII action, and a firm trial date was set. Only when the trial was less than ten days away did Zagano seek dismissal without prejudice.

Judge Owen was also justified in concluding that granting the Rule 41(a)(2) motion would prejudice the defendants because of the resources they had spent in preparing after a trial date was set at the January conference. We also agree with Judge Owen that the likelihood of additional substantial delays in the SDHR proceedings might result in further loss of pertinent testimony through illness or death.

Appellant argues that she misunderstood her rights when she sought and received the EEOC's "right to sue letter" and that she mistakenly brought the federal action. Even if that is the case, it hardly explains why she made no attempt to correct that mistake until the very eve of trial. She also argues that she believed that defendants were using the federal action only for discovery to be used in the SDHR proceedings and did not intend to push for a trial in the federal case. The record does not support this view of the defendants' conduct but, even if it did, the district judge was well within his authority to insist that this matter go to trial absent a disposition agreeable to all parties.

The district court also properly determined that Zagano's other reasons for requesting dismissal, including the ongoing state proceedings and the claimed inexperience of her counsel, were inadequate. The SDHR hearings had begun in October 1987, some fifteen months before she filed her Rule 41(a)(2) motion. In any event, they were proceeding at a pace that would consume months and perhaps even years to conclude.

Moreover, Judge Owen did not err in failing to give priority to the pending state administrative proceeding because the federal case presented no difficult questions of state law best resolved in a state court, *cf.*

---

the case "on the merits." 720 F.Supp. 266. Zagano appeals from that injunction but states that the propriety of the injunction turns as a practical matter upon the propriety of the dismissal of the action with prejudice. In view of our disposition of this matter, therefore, we need not address the merits of the injunction.

**2.** Fed.R.Civ.P. 41(b) provides in pertinent part:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

*Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir.1987) (allowing dismissal to enable South Carolina courts to resolve imputed liability issue), and the prejudice to the defendant was considerably more than the mere "annoyance of a second litigation upon the same subject matter" in the state courts, *Durham v. Florida E. Coast Ry. Co.*, 385 F.2d 366, 369 (5th Cir.1967); *see also Young v. Southern Pac. Co.*, 25 F.2d 630, 632 (2d Cir.1928) (L. Hand, J., concurring) ("Ordinarily the mere fact that a plaintiff prefers the state courts ought not to prevent his discontinuing his suit; one court is as good as another." (citation omitted)). We are unimpressed by the claim that her counsel was aged and inexperienced. Notwithstanding the claimed infirmities, the same counsel was going to continue to represent her in the SDHR proceeding if the Rule 41(a)(2) motion were granted. In any event, the claimed limitations of counsel should have become apparent long before the eve of trial.

Finally, we note that Zagano had carried on a campaign seeking public support for her cause, including numerous communications to Fordham alumni and others, many of whom contacted Fordham officials on her behalf. Her communications, inter alia, sought financial support for the federal litigation, indicating that she intended to pursue the matter. Near the time of the January conference she also led at least one supporter to believe that while she was eager to go to trial in the federal case, defendants' counsel was engaged in delaying tactics to avoid such a trial and to run up exorbitant legal bills. Judge Owen was not in error in concluding that Zagano's desire to abandon the Title VII action after imposing substantial costs on defendants was evidence that "she was perfectly happy to have the lawsuit out there until all of a sudden she had to do something with it" and that the action was an "instrument of vexation" against Fordham.

■ Zagano mischaracterizes the dismissal of her federal action as a summary and unexpected response to her motion to dismiss without prejudice, implying that she was not provided notice of the court's intention to convert her motion into a dismissal with prejudice. *See Gravatt v. Columbia Univ.*, 845 F.2d 54 (2d Cir.1988). However, Judge Owen simply denied her motion and ordered her to go to trial. Her motion having been denied, Zagano was obliged to go to trial, "failing which involuntary dismissal for failure to prosecute [was] appropriate," *id.* at 57.

In sum, Zagano's refusal to proceed when the moment of truth arrived fully warranted dismissal of her case with prejudice.

Affirmed.

PER CURIAM:

Plaintiff-appellant seeks rehearing of the March 29, 1990 decision of this panel. Because the petition makes a legal argument that was expressly waived and contains unfounded and unfair attacks on appellant's prior counsel, we are compelled to explain our reasons for denying rehearing.

The petition for rehearing states that the panel "overlooked" the district court's allegedly improper action in enjoining the New York State Division of Human Rights ("NYSDHR") from adjudicating Zagano's claim before it. This is a bold misstatement. We declined to consider the propriety of the injunction because the NYSDHR filed no appeal and appellant's main brief stated that so far as her interest in the injunction was concerned, "the propriety *vel non* of the injunction depends on the propriety of the district court's dismissal of the action with prejudice." Brief of Plaintiff–Appellant at 44. Further, at oral argument, we made an express inquiry as to Zagano's position on the injunction, and counsel for Zagano stated, "My point there is that if the dismissal with prejudice is affirmed, then as a practical matter the case dies...." Because we affirmed the dismissal with prejudice, we accepted counsel's invitation to regard the provisions of the injunction as a moot issue. It can hardly be said, therefore, that we "overlooked" the injunction.

Zagano also argues that she was denied the opportunity to proceed to trial after her motion for voluntary dismissal was denied. The motion for voluntary dismissal was argued and denied on the date set for the beginning of the trial. At no time did Zagano's counsel indicate that she wanted to go to trial in the federal action but needed an adjournment to gather witnesses. Had such a request been made and denied by the district court, our calculus might be different. Instead, however, it was clear to all parties and the district judge that Zagano intended not to proceed to trial in the federal court. Indeed, appellees' counsel stated on the record that she had been informed by Zagano's attorney that Zagano did not intend to go to trial "at any time in this action." Zagano's counsel did not dispute the fact that he had made this statement or that it was true.

Finally, Zagano argues that because her trial counsel was "bewildered" when the motion for involuntary dismissal was denied, he failed to ask for more time. This claim is unfounded and unfair. We have examined the record carefully and the only "bewilderment" exhibited by Zagano's counsel was when he was confronted by evidence that she had very recently told a supporter that she was anxious to go to trial in the federal action but that Fordham was deliberately delaying the trial. Counsel's surprise over that evidence is understandable.

For the foregoing reasons, appellant's petition for rehearing is denied.

