USCA1 Opinion

 

 June 28, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2159 No. 95-2160 CHRISTOPHER HIGHTOWER, Plaintiff, Appellant, v. GEORGE A. VOSE, JR., ET AL., Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Christopher Hightower on brief pro se. _____________________ Michael B. Grant, Senior Legal Counsel, Rhode Island Department _________________ of Corrections, on brief for appellees. ____________________ ____________________ Per Curiam. On September 14, 1995, United States __________ marshals removed appellant Christopher Hightower, a Rhode Island state prisoner, from the Menard Correctional Center in Illinois and transported him to Rhode Island for bench trials in civil actions Nos. 93-0286T, 94-0364T. On October 2, 1995, the district court dismissed both cases with prejudice after Hightower failed to present any evidence. Hightower appeals both dismissals.  We treat the district court's dismissals as issued pursuant to Rule 41(b), and we find no error.1 See, e.g., 1 ___ ____ Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir.) ("It ______ __________________ is beyond dispute that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial."), cert. denied, 498 U.S. ____________ 899 (1990). In civil action No. 93-0286T, Hightower had more than ample time to conduct discovery and prepare for trial. Although the discovery period in civil action No. 94-0364T was relatively brief, Hightower does not state what additional discovery was necessary to prepare for trial much  ____________________ 1Appellant suggests without developed argumentation that 1 the district court might have relied on Fed. R. Civ. P. 52(c) as authority for the dismissals. We need not consider this possibility since it would not alter our disposition. Appellant also suggests that the dismissal of civil action No. 93-0286T was based, in the alternative, on Fed. R. Civ. P. 12(b)(6) and Sandin v. Conner, 115 S. Ct. 2293 (1995). ______ ______ Since the dismissal can be upheld under Rule 41(b), we need not resolve whether the complaint in civil action No. 93- 0286T states a claim.  -3- less adequately explain why he was unable to accomplish it.2 2 Under the circumstances, we cannot say that the district court abused its discretion by insisting that Hightower proceed to trial, and then dismissing the case when Hightower failed to present any evidence. See Capo v. United States, 7 ___ ____ _____________ F.3d 283, 284 (1st Cir. 1993) (stating that Rule 41(b) dismissals are reviewed for abuse of discretion); Amarin ______ Plastics, Inc. v. Maryland Cup Corp., 946 F.2d 147, 151 (1st _______________ __________________ Cir. 1991) (observing that the district court is accorded broad discretion to grant or deny continuances). Contrary to Hightower's suggestion, we do not think his pending motions for a continuance can excuse his failure to be prepared for trial. Rule 21(a) of the Local Rules of the District of Rhode Island warns litigants that "a trial date will not be vacated nor a continuance granted except in the most extraordinary circumstances," and Hightower could not rely on the possibility that the court would rule in his favor. To hold otherwise, would be to permit litigants to manipulate trial dates.  Hightower also complains that he was transported from Illinois to Rhode Island without any of his legal documents. We are unmoved by this complaint in the absence  ____________________ 2Contrary to Hightower's suggestion, Fed. R. Civ. P. 26(d) 2 is inoperative in the District of Rhode Island insofar as it restricts the commencement of discovery. See General Order ___ of the District of Rhode Island dated May 9, 1994. -4- of some explanation of what these documents are and why they were necessary. Hightower also fails to state, and the record before us fails to show, that he brought the matter to the district court's attention and explained why the documents were essential. We add that Hightower could have proceeded to offer his own testimony as evidence. If he had done so, and if the record had contained some description of the documents left in Illinois, we would be in a position to assess whether Hightower suffered any prejudice. As it is, there is no basis for a finding of error.  Finally, we add that Local Rule 9 authorizes the placement of cases on a continuous trial calendar. Hightower has not identified what witnesses he wished to call or stated whether he attempted to subpoena them once it became apparent that the cases were proceeding towards trial. Under the circumstances, we are unpersuaded that he was "forced to trial without any witnesses." We have carefully considered Hightower's remaining arguments and reject them either on the ground that they are meritless or are waived for failure to raise in the court below.  Affirmed. _________ -5-