HARLEM TEAMS FOR SELF–HELP, INC.; Teams Housing Development Fund Company, Inc.; Ronald D. Coley, Executive Director and President; Gwen Connor, Associate Director, Plaintiffs,

v.

ABYSSINIAN BAPTIST CHURCH OF THE CITY OF NEW YORK; Alvin Eugene Leonard, Esq.; Alfred C. Cerullo, III, Commissioner of the Department of Finance, City of New York; and James DeCuzzi, President of the Tax Commission of the City of New York, Defendants.

No. 98 Civ. 9159(RMB).

United States District Court, S.D. New York.

Oct. 25, 1999.

spired to deprive Teams of its status as a tax-exempt organization under the laws of the State of New York, thereby violating Plaintiff's civil rights pursuant to 42 U.S.C. §§ 1983 and 1985(3), as well as its rights under the Equal Protection Clause of the 14th amendment. The alleged conspiracy purportedly depleted Teams' funds, leading to a mortgage foreclosure proceeding on its property and resulting in a judgment of foreclosure and sale in favor of Abyssinian. The Defendants have denied Plaintiff's allegations.

On March 9, 1999, Defendants Abyssinian and Alvin E. Leonard filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(1) for lack of subject matter jurisdiction. At the same time, they filed a motion for sanctions against Plaintiff pursuant to Fed.R.Civ.P. 11. On April 19, 1999, Defendants Alfred C. Cerullo III and James DeCuzzi ("City Defendants") filed their own motion to dismiss, asserting that Plaintiff was barred from pursuing its claims against the City Defendants due to a prior settlement agreement signed by the Plaintiff. The City Defendants also argue that the statute of limitations under 42 U.S.C. §§ 1983 and 1985 has run.

On August 27, 1999, Plaintiff filed the instant motion to voluntarily dismiss (withdraw) the action pursuant to Fed.R.Civ.P. 41(a)(1) & (2), reflecting, among other things, its desire to conserve resources due to Teams' insolvency and its pending bankruptcy reorganization under Chapter 11 of the U.S. Bankruptcy Code. Plaintiff contends that Defendants would not be prejudiced by the dismissal, and thus requests that the Court grant its motion to dismiss without prejudice. In response, the City Defendants argue, alternatively, that their motion to dismiss should be decided on the merits, or that the Plaintiff should be required to withdraw its complaint with prejudice with respect to the City Defendants. Defendants Abyssinian and Alvin E. Leonard argue that a dismissal without prejudice would be an invitation to the Plaintiff to re-file its allegedly frivolous action in the future, and request that the action be dismissed with prejudice, or, in the

Rudolph Silas, Brooklyn, NY, for plaintiff.

Joseph L. Fleming, New York City, for Abyssinian Baptist Church.

Alessandra F. Zorgniotti, Anthony Crowell, City of New York/Law Department, New York City, for City of New York.

### ORDER

BERMAN, District Judge.

### Background

This action was filed on or about December 29, 1998 by Harlem Teams for Self–Help, Inc. ("Harlem Teams") and Teams Housing Development Fund Company, Inc. ("Teams") against Abyssinian Baptist Church of the City of New York ("Abyssinian"), Alvin E. Leonard, Esq., Alfred C. Cerullo, III, Commissioner of the Department of Finance, City of New York, and James DeCuzzi, President of the Tax Commission of the City of New York, (collectively, "Defendants") alleging, among other things, that Defendants con-

286

alternative, that the Court grant their motion to dismiss.

*Analysis*

 "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *The Gap, Inc. v. Stone International Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y.1997). *See also Wakefield v. Northern Telecom Inc.*, 769 F.2d 109, 114 (2d Cir.1985). In *Zagano v. Fordham University*, 900 F.2d 12 (2d Cir. 1990), the Court delineated five factors which were relevant in the assessment of prejudice to the defendant resulting from such a motion to dismiss. They are: 1) the plaintiff's diligence in bringing the motion; 2) any undue vexatiousness on plaintiff's part; 3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; 4) the duplicative expense of relitigation; and 5) the adequacy of plaintiff's explanation for the need to dismiss. *See Zagano*, 900 F.2d at 14.

Analysis of the foregoing factors in the present case weighs in favor of granting the Plaintiff's voluntary motion to dismiss without prejudice. Plaintiff's professed reason for dismissing the action, namely that any effort to continue the litigation in the wake of Teams' insolvency would unduly hamper its efforts at reorganization under Chapter 11, appears reasonable and persuasive. Given Teams' insolvency, the costs to Plaintiff of further litigation may well have become prohibitive; to force Plaintiff to continue in its action would not only undermine Teams' reorganization efforts, but would also risk depriving Plaintiff of a fair opportunity to litigate given its asserted lack of the funds. Further, Defendants, while their arguments are understandable, have not conclusively shown 'undue vexatiousness' on Plaintiff's part. Plaintiff filed a timely motion to dismiss the action once it became clear that Teams would have to devote its attention to reorganization under Chapter 11.

Also, the current action is still at a very preliminary stage. Defendants have incurred relatively little expense toward preparing for trial. To the extent that Plaintiff's case proves to be as "frivolous" as Defendants claim, Defendants will be able readily to re-group and re-assert their argument, if, as and when the action were to be brought again in the future.

*Conclusion*

For the reasons stated above, Plaintiff's motion to dismiss without prejudice is granted.