**UNITED VAN LINES, LLC, Plaintiff,**

v.

**Mary Jane SOLINO, Defendan t-Cross-Defendant-Cross-Claimant-Appellant,**

Control Building Services, Inc.,
Defendant–Cross–Claimant–
Cross–Defendant–Appellee.

No. 04–4278–CV.

United States Court of Appeals,
Second Circuit.

Nov. 2, 2005.

Gary Trachten, Kudman Trachten LLP, New York, NY, for Appellant.

Rosemary J. Bruno (Christopher J. Dalton), Klett Rooney Lieber & Schorling, P.C., Newark, NJ, for Appellee, of counsel.

Present: KEARSE, MINER and CABRANES Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

United Van Lines, LLC commenced this action on December 13, 2002 against Solino and her former employer, Control Building Services, Inc. ("Control"), to recover the cost of transporting Solino's household goods when she moved from Georgia to New York in connection with employment with Control. On January 14, 2003, Control cross-claimed against Solino for indemnity, and on January 30, 2003, Solino cross-claimed against Control for indemnity and alleged discriminatory firing of her and post-termination retaliation against her.[1] After some discovery had been taken, the parties reached a settlement as to all claims except Solino's cross-claims against Control, and a stipulation of discontinuance was filed on June 27, 2003

---

**1.** Solino asserted substantially the same cross-claims again as "counterclaims" in her pleading filed on February 4, 2003.

concerning those claims that had been resolved consensually. On June 26, 2003, Solino moved by order to show cause for a voluntary dismissal, without prejudice, of her remaining cross-claims pursuant to Federal Rule of Civil Procedure 41(a)(2). The District Court refused to sign the proposed order to show cause on the ground that it suffered from "want of merit." Solino's counsel then informed the Court on July 7, 2003 that she would no longer participate in the prosecution of her cross-claims, that she expected that those claims would be dismissed and that she intended to seek appellate review of the District Court's denial of her motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2).

On September 16, 2003, Control moved in the alternative for summary judgment or dismissal with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Solino declined to defend against that motion other than to argue that her cross-claims should be dismissed without prejudice and that dismissal with prejudice would enable her to seek appellate review of the earlier denial of her motion to dismiss pursuant to Rule 41(a)(2). The Court granted Control's motion to dismiss with prejudice on June 10, 2004, and this appeal followed.

On appeal Solino maintains that she wanted to wait to determine whether, where and when to sue her employer for its allegedly discriminatory conduct, but that she was nevertheless compelled to assert her cross-claims in the instant litigation out of fear of claim preclusion. She contends that the District Court abused its discretion in denying her Rule 41(a)(2) motion in light of the factors set forth in *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir.1990), which are as follows:

the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

*Id.* at 14. She also argues that the District Court abused its discretion in granting Control's motion pursuant to Federal Rule of Civil Procedure 41(b) to dismiss her cross-claims with prejudice after she indicated her refusal to continue to participate in the litigation.

When Solino moved for dismissal without prejudice pursuant to Rule 41(a)(2), her cross-claims had been pending for almost five months, some discovery had been taken and the District Court had adjudicated two discovery-related motions and held a discovery conference. Upon review of the record, we conclude that the interests of judicial economy and avoiding prejudice to Control support the decision to require Solino either to see her cross-claims to resolution in the District Court or to suffer dismissal with prejudice. Accordingly, the District Court did not abuse its discretion in denying Solino's motion to dismiss the action without prejudice and in granting Control's motion to dismiss the action with prejudice when Solino refused to participate further in the litigation.

We have considered all of plaintiff's arguments on appeal and we hereby **AFFIRM** the judgment of the District Court.