SUMMARY ORDER
Plaintiff Craig Streit appeals from a July 30, 2007 judgment entered by the District Court, granting a motion for summary judgment made by defendant Am-docs, Inc. (“Amdocs”), and dismissing plaintiffs complaint, which sought damages for Amdocs’s alleged breach of a stock option agreement. We assume the parties’ familiarity with the factual and procedural history of the case, though we revisit key portions of that history here.
In July 1999, Streit signed an employment agreement with International Telecommunication Data Systems, Inc. (“ITDS”), Amdocs’s predecessor company. The agreement set a term of employment from August 1999 to August 2001. Additionally, Streit entered into a stock option agreement that entitled him to purchase at a pre-speeified price 12,500 shares of ITDS stock a year for four years, on each anniversary date of his employment. The stock option agreement further stipulated that Streit had to be employed by Amdocs to exercise his stock options, and that if ITDS terminated him for cause, his right to exercise his options would “terminate immediately upon the effective date of such discharge.” Streit alleges that ITDS also agreed to the immediate vesting of all of his stock options (a total of 50,000 shares) upon a change of ownership of ITDS — a claim Amdocs disputes. After Streit began his employment with ITDS, the company was sold to Amdocs. Streit called for the immediate vesting of all of his stock options, but Amdocs did not hon- or his request. For its part, Amdocs alleges that Streit presented his stock option agreement with a handwritten provision regarding the immediate vestment of the 50,000 shares, and that the company believed that Streit had written in this provi *507 sion himself, without any authority to do so. Soon after this event, and shortly after Streit’s first anniversary with the company, Amdocs terminated Streit.
On May 1, 2001, Streit filed a Demand for Arbitration with the American Arbitration Association (“AAA”), pursuant to the terms of his employment agreement. Streit alleged that Amdocs had violated both his employment and stock option agreement, and sought “[m]onetary damages based on the losses suffered by [Streit] as a result of [Amdocs’s] repudiation of the terms of the Employment Agreement and the Incentive Stock Option Agreement,” including, inter alia, “failure to vest stock options originally granted [Streit] at [the] commencement of his employment” and “loss of stock options granted to [Streit] during [the] course of his employment.” After proceedings before Arbitrator James F. Stapleton (“Arbitrator”), including briefing and a hearing, the Arbitrator issued an award on July 17, 2002. He stated that Streit had been terminated without just cause, and awarded him $48,615.38 for lost compensation. The award further stated that “[i]n all other respects the demands of [Streit] are denied,” and concluded that “[t]his [a]ward is in full and final settlement of all claims and counterclaims submitted to this arbitration.”
On October 11, 2005 — more than three years after the Arbitrator issued his award — Streit commenced the instant action. The complaint alleges, in pertinent part, that “[t]he defendant breached the express terms of the Stock Incentive Plan when it refused to allow the plaintiff to exercise his right to purchase 12,500 shares of the defendant’s stock on August 2, 2001.” A joint status report of the parties to the District Court dated April 27, 2006 indicates that Amdocs intended to file a summary judgment motion in the case, based on res judicata and collateral estoppel defenses. The joint status report also states that “plaintiff concurs with the defendant’s request that the Court establish a bifurcated schedule that contemplates briefing and decision on the claim preclusion and issue preclusion defenses before proceeding to the merits of the plaintiffs claim.”
On May 18, 2006, the District Court held a pre-filing conference by telephone.[2] The District Court began the conference by stating: “I’ve looked at your papers and I take it that both sides are in agreement that a motion for summary judgment should be filed as reflected in the joint status report, and that’s fine with me.” Amdocs’s counsel responded:
I had corresponded with plaintiffs counsel about this and told them that we saw no basis in fact or law for the claim and he has indicated that he’s prepared to have the case dismissed. We in turn have said we have had to spend a lot of time and money pulling up the arbitration file, going through it again, preparing preliminarily for summary judgment so that we could present it at least in preliminary form to Your Honor. And [plaintiffs counsel] acknowledges that. And ... co-counsel ... tells me that the client is prepared to forego a motion for fees and costs provided we receive a general release from Mr. Streit. And I understand from [plaintiffs counsel] thai he thinks that would be forthcoming.
Streit’s counsel then stated, “I think that’s very possible, Your Honor. I can’t guarantee it at this moment, but I’m assured *508 that that should not be a problem.” The parties then told the District Court that they would soon report back on the status of their settlement negotiations.
On June 23, 2006, Streit filed a motion for voluntary dismissal without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2).[3] The motion stated that Streit had filed a new claim for arbitration on June 23, 2006. The District Court granted the motion on June 27, 2006. Amdocs, which claims it received no notice of Streit’s motion to dismiss and had no knowledge of the second arbitration, filed a motion to reopen the dismissal on July 7, 2006. The District Court held a conference by telephone on August 21, 2006 to discuss the matter. During the conference, the District Court stated: “As I recall our discussion and based on my review of the papers, it seems to me that I granted the withdrawal in the mistaken belief that the case had been settled.” The District Court then noted that Amdocs had originally wanted to seek a dispositive ruling from the Court, and concluded that it should reopen the matter in order to give Amdocs the opportunity to do so. Amdocs filed a motion for summary judgment on October 2, 2006. The District Court granted the motion on June 30, 2007, concluding that Streit’s current claim “was raised — or, at a minimum, could have been raised — in the arbitration,” and accordingly was barred. Streit filed a timely appeal.
On appeal, Streit makes two central arguments: (1) that the District Court abused its discretion when it granted the defendant’s motion to reopen the voluntary dismissal without prejudice, and (2) the District Court erred when it granted Am-docs’s motion for summary judgment on the ground that the claim had been raised or could have been raised in the arbitration.
Beginning with Streit’s first argument, we note that a refusal to grant a motion for voluntary dismissal under Fed. R.Civ.P. 41(a)(2) will be reversed only if the District Court has committed an abuse of discretion. See Zagano v. Fordham Univ., 900 F.2d 12, 12-13 (2d Cir.1990). We employ that same standard with respect to motions to reopen a voluntary dismissal without prejudice. See Grace v. Bank Leumi Trust Co., 443 F.3d 180, 187 (2d Cir.2006). Furthermore, we note that “[vjoluntary dismissal without prejudice is ... not a matter of right.” Zagano, 900 F.2d at 14. We have set forth “factors relevant to the consideration of [such] a motion,” including “the plaintiffs diligence in bringing the motion; any ‘undue vexatiousness’ on plaintiffs part; the extent to which the suit has progressed, including the defendant’s effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiffs explanation for the need to dismiss.” Id. In consideration of these factors, particularly “the duplicative expense of litigation,” we conclude that the District Court did not abuse its discretion in granting Amdocs’s motion to reopen the voluntary dismissal.
Turning to Streit’s second argument, we note that we review de novo an order granting summary judgment. See, e.g., Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). Summary judgment is appropriate only if “there is no genuine issue as to any material fact” and the moving party “is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
*509 The District Court granted summary judgment in favor of Amdocs on the ground that Streit’s claim was raised, or could have been raised, in the arbitration that began in 2001. We have previously held that “[i]t is well settled that th[e] doctrine [of res judicata ] serves to bar certain claims in federal court based on the binding effect of past determinations in arbitral proceedings.” Pike v. Freeman, 266 F.3d 78, 90 (2d Cir.2001). “To prove that a claim is precluded under this doctrine, a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.” Id. at 91 (internal alterations and quotation marks omitted). Streit concedes in his brief that the first two requirements of res judicata are met: “There is no dispute that the first two elements for the application of the doctrine of res judicata are satisfied in the present action.” Appellant Br. at 28. The sole remaining issue, then, is whether Streit’s current claim was “or could have been” raised in the earlier arbitration.
Even assuming, arguendo, that Streit’s complaint could be read to make a claim that was not made during arbitration, it is clear that such a claim could have been raised in that proceeding. We have held that “[w]hether a claim that was not raised in the previous action could have been raised therein depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims.” Pike, 266 F.3d at 91 (internal quotation marks omitted). In light of the facts stated above, it is clear that Streit’s current claim for the value of his lost stock options stems from the same series of transactions at issue in the earlier arbitration, and can be proven only by the same evidence. We therefore conclude that Streit’s current claim is barred by the doctrine of res judicata, and affirm the judgment of the District Court, granting defendant’s motion for summary judgment.

CONCLUSION

For the reasons stated above, the judgment of the District Court is AFFIRMED.

. We note that the facts of the telephone conferences that follow were omitted from plaintiffs brief.

. Fed.RXiv.P. 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff’s instance save upon order of the court and upon such terms and conditions as the court deems proper.” Id.