11-4186-pr
Smith v. Artus et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand thirteen.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
JOHN G. KOELTL,[*]
*District Judge.*

------------------------------------------------------------------

AUREL SMITH,

*Plaintiff-Appellant,*

v.                                                          No. 11-4186-pr

DALE ARTUS, Superintendent, Clinton Correctional Facility, LINDA TURNER, Deputy Superintendent, Clinton Correctional Facility, BRIAN FISCHER, Commissioner of the Department of Correctional Services, KENNETH PERLMAN, Deputy Commissioner of Program Services for the Department of Correctional Services, MARK LEONARD, Director

_____

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

1

of Ministerial and Family Services for the Department of Correctional Services, NORMAN BEZIO, Director of Special Housing for the Department of Correctional Services, R. ROCK, Superintendent, Great Meadow Correctional Facility, KAREN LAPOLT, Deputy Superintendent of Programs at Great Meadow Correctional Facility,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT: JENNY STAPLETON (Vilia B. Hayes and Sarah L. Cave, *on the brief*), Hughes Hubbard & Reed LLP, New York, NY.

FOR APPELLEES: JULIE M. SHERIDAN, Assistant Solicitor General (Andrew D. Bing, Deputy Solicitor General, and Barbara D. Underwood, Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and REMANDED.

Plaintiff-appellant Aurel Smith appeals from the District Court's judgment entered September 30, 2010, dismissing, as relevant here, Smith's state law claims with prejudice and granting summary judgment for the defendants-appellees on Smith's claims based on the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq.[1]  We assume the

---

[1] In a previous order dated April 2, 2012, this Court dismissed portions of Smith's appeal relating to his claims for money damages under federal law and his inability to attend congregate religious services while incarcerated in the Special Housing Unit of Upstate Correctional Facility.  The portions of the District Court decision addressing those issues remain undisturbed by this order.

2

parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision.

The District Court held that Smith's transfer to a new prison facility rendered moot his claims for injunctive and declaratory relief under the First Amendment and RLUIPA based on his former prison facility's prohibition against performing demonstrative prayer in the prison recreation yard. On appeal, Smith argues, and the defendants-appellees agree, that these claims are not moot because (1) Smith is similarly not allowed to engage in demonstrative prayer at Attica Correctional Facility, where he is currently incarcerated, and (2) there is a statewide policy banning inmate demonstrative prayer in prison recreation yards during recreation time. In light of this new information, which we recognize was not made available to the District Court, Smith's injunctive and declaratory relief claims are clearly not moot. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) ("[A] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (quotation marks omitted)).

Smith also argues that the District Court erred in dismissing his state law claims with prejudice. We agree. In response to the defendants-appellees' motion for summary judgment, Smith, then acting pro se, filed a handwritten opposition in which he stated: "[P]laintiff withdraws only the following contentions . . . (5) All state-law claims." Smith did not specify whether he wished to withdraw the claims with or without prejudice. In dismissing with prejudice, the District Court explained that "[t]o the extent that [it] could liberally construe [Smith]'s withdrawal of his claims as a request for a Court Order dismissing those claims without prejudice . . . [it] denies that request based on a finding that a dismissal with prejudice is more appropriate."[2] Although we have recognized a

_____

[2] Although the District Court analyzed Smith's request based on Rule 41(a)(2) of the Federal Rules of Civil Procedure, a plaintiff's request to withdraw some but not all of his claims is properly considered as an amendment to the pleadings based on Rule 15(a)(2). Nevertheless, as we have explained in the past, requests to withdraw only some

3

district judge's authority to "convert a dismissal sought to be entered without prejudice to one with prejudice," we have also made plain our view that "fundamental fairness requires . . . afford[ing] the plaintiff an opportunity to withdraw his motion and proceed with the litigation in the event that a district judge proposes to [do so]." Gravatt v. Columbia Univ., 845 F.2d 54, 56 (2d Cir. 1988). The District Court erred by failing to give Smith this opportunity.

The District Court's analysis of Smith's request was problematic in other respects as well. The District Court rested its decision on its findings that (1) the defendants had expended time and effort in filing a motion for summary judgment requesting the dismissal of the state law claims, and (2) the state law claims lacked merit. But the defendants' response to the state law claims was minimal; their 37-page memorandum of law in support of summary judgment referred to the state law claims in a single paragraph and argued only that violation of state law could not form the basis of a claim under 42 U.S.C. § 1983, rather than addressing the state law claims as freestanding claims. In its independent review of the merits of the state law claims, the District Court too addressed only whether the state law claims could properly form the basis of a Section 1983 claim. Elsewhere in its decision, however, the District Court acknowledged that New York law was unclear on the issue of prohibiting demonstrative prayer in the recreation yard, suggesting that it had not determined that the state law claims lacked merit as freestanding claims.

Finally, by resting its decision exclusively on these two grounds, the District Court failed to apply all of the factors set out in Zagano v. Fordham University, 900 F.2d 12 (2d Cir. 1990), which are to be considered when determining whether to grant a motion for voluntary dismissal without prejudice. They include "the plaintiff's diligence in bringing

claims and requests to withdraw an entire action are subject to the same standard. See Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 n.4 (2d Cir. 1985).

4

the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Id. at 14. Because Smith did not explain in his pro se submission why he wished to withdraw his claims, and because the District Court did not seek clarification, the District Court likely lacked the information necessary to conduct a full analysis under Zagano.

We therefore vacate that part of the judgment dismissing Smith's state law claims with prejudice and remand with instructions to grant Smith the opportunity to renew his request as to the state law claims and to explain why the factors enumerated in Zagano favor granting a motion to dismiss without prejudice. Smith should also be given the opportunity to withdraw his request to dismiss the state law claims.

For the foregoing reasons, the judgment of the District Court is VACATED in part, insofar as it dismissed as moot Smith's claims for declaratory and injunctive relief related to engaging in demonstrative prayer in prison recreation yards under the First Amendment Free Exercise Clause and RLUIPA, and VACATED in part, insofar as it dismissed Smith's state law claims with prejudice, and REMANDED with instructions to permit Smith to renew his request for dismissal of his state law claims without prejudice or to withdraw his request to dismiss those claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court