15-2940-cv
*Cohen v. DHB Industries, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand sixteen.

PRESENT:  RICHARD C. WESLEY,
          DEBRA ANN LIVINGSTON,
          DENNY CHIN,
                    *Circuit Judges.*

_____

D. DAVID COHEN,

                    *Intervenor-Appellant,*

THOMAS HUSTON, derivatively on behalf
of DHB Industries, Inc., BRIAN ABRAMS,
ALVIN VIRAY, Class Action Plaintiffs,

                    *Plaintiffs,*

          -v.-                              No. 15-2940

DHB INDUSTRIES, INC., nominal
defendant, a Delaware Corporation,

*Defendant-Appellee,*

DAVID H. BROOKS, SANDRA L.
HATFIELD, DAWN M. SCHLEGEL,
JEROME KRANTZ, GARY NADELMAN,
CARY CHASIN, BARRY BERKMAN,
LARRY ELLIS, DAVID BROOKS
INTERNATIONAL, INC., TERRY
BROOKS, ELIZABETH BROOKS
INDUSTRIES, INC., ANDREW BROOKS
INDUSTRIES, INC., JEFFREY BROOKS,
TACTICAL ARMOR PRODUCTS, LEAD
PLAINTIFFS IN THE CLASS ACTION
LITIGATION, WEISER, LLP,

*Defendants.*

---

FOR APPELLANT:       GARY D. SESSER (William F. Sondericker, Leonardo
                     Trivigno, *on the brief*), Carter Ledyard & Milburn LLP,
                     New York, NY.

FOR APPELLEE:        ALAN J. KORNFELD, Pachulski Stang Ziehl & Jones
                     LLP, Los Angeles, CA (David P. Kasakove, Bryan Cave
                     LLP, New York, NY, *on the brief*).

Appeal from the United States District Court for the Eastern District of
New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the District Court is **AFFIRMED**.

Intervenor-Appellant D. David Cohen appeals from an order of the United States District Court for the Eastern District of New York (Seybert, *J.*), dismissing the action pursuant to Federal Rule of Civil Procedure 41(a)(2). We assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

Cohen first argues that the District Court's dismissal of the action without consideration of his entitlement to fees contravened this Court's mandate in *Cohen v. Viray* (*Cohen I*), 622 F.3d 188, 196 (2d Cir. 2010). This argument is untenable. "The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (emphasis omitted) (internal quotation marks omitted). "But the mandate is controlling only as to matters within its compass. When the mandate leaves issues open, the lower court may dispose of the case on grounds not dealt with by the remanding appellate court." *In re Coudert Bros. LLP*, 809 F.3d 94, 98 (2d

Cir. 2015) (internal quotation marks omitted). The mandate in *Cohen I* expressly declined to address the merits of the fee issue and left open the issue for the District Court's consideration. In such cases, our mandate does not preclude the District Court from considering or deciding the case on alternate grounds. *See Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175–76 (2d Cir. 2014).

Second, Cohen argues that the District Court's dismissal is contrary to law. We review dismissals under Rule 41(a)(2) for abuse of discretion. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). In addition to his mandate argument, Cohen presents two bases for error: (1) the District Court misconstrued the settlement agreement, and (2) the dismissal prejudiced Cohen. Neither argument is availing. Cohen has no standing to claim that the agreement was improperly read by the District Court. "A settlement agreement is a contract that is interpreted according to general principles of contract law." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) (internal quotation marks omitted). As a nonparty to the contract, Cohen cannot assert rights on the basis of the contract unless he is a third-party beneficiary, *see Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 86 (2d Cir. 2014), which he is clearly not, *see*

4

*Mendel v. Henry Phipps Plaza W., Inc.*, 6 N.Y.3d 783, 786 (2006). Similarly, in the context of a Rule 41(a)(2) dismissal of a claim, prejudice is generally evaluated as to the party against whom the claim is asserted.[1] *See Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011); *Catanzano v. Wing*, 277 F.3d 99, 109–10 (2d Cir. 2001). The claims dismissed here were not against Cohen. Even assuming Rule 41(a)(2) required us to consider prejudice to Cohen, the District Court did not abuse its discretion in concluding that Cohen's opportunity for a fee hearing under Second Circuit precedent in the bankruptcy court—a hearing he ultimately received and in which he prevailed—sufficiently obviated any prejudice resulting from dismissal.

We have considered all of Cohen's arguments and find them to be without merit. Accordingly, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Cohen has not argued that Rule 41(a)(2) was not the proper standard to apply to the dismissal of the action generally, including his fee claim, nor has he argued that his entitlement to attorneys' fees invokes Rule 41(a)(2)'s additional requirement when a defendant has pleaded a counterclaim, *see* Fed. R. Civ. P. 41(a)(2) (permitting such dismissals "only if the counterclaim can remain pending for independent adjudication").