Lewis v. City of Waterbury

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand twenty.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

Kacey Lewis,

> *Plaintiff-Appellant*,

> v.                                                          19-385

Thomas Cavanugh, James Dickey, Robert Liquindoli,

> *Defendants-Appellees,*

City of Waterbury, Michael Gugliotti,

> *Defendants.*

_____

FOR PLAINTIFF-APPELLANT:          Kacey Lewis, pro se, Newtown, CT.

FOR DEFENDANTS-APPELLEES:          Daniel Joseph Foster, Joseph A. Mengacci, Office of the Corporation Counsel, City of Waterbury, Waterbury, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Kacey Lewis ("Lewis"), proceeding pro se, sued the city of Waterbury, Connecticut, the Waterbury Chief of Police, and three Waterbury police officers under 42 U.S.C. § 1983, alleging that the officers subjected him to excessive force, deliberately ignored his medical needs, and unlawfully interrogated him in connection with a 2009 arrest. The District Court granted summary judgment on the deliberate indifference claim and, after a 2015 trial, a jury returned a verdict for the defendants on the excessive force and unlawful interrogation claims. Lewis appealed, and we affirmed the grant of summary judgment but vacated the verdict and remanded for a new trial, ruling that the District Court abused its discretion in denying a continuance on the first day of Lewis's trial. Shortly after the start of Lewis's second trial in January 2019, the District Court dismissed Lewis's case for failure to prosecute after he repeatedly refused to answer a relevant question on cross examination and was repeatedly warned that failure to do so would result in dismissal. Lewis appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court may dismiss an action for "failure to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Lewis waived a challenge to the District Court's dismissal of his case for failure to prosecute because he does not address this issue in his brief. Instead, he raises a series of unrelated, and meritless, arguments.

I.    **Dismissal for Failure to Prosecute**

But even if we were to review the merits of the dismissal, the District Court did not err in so ruling. We review a dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) for abuse of discretion. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). "[D]ismissal is a harsh remedy and is appropriate only in extreme situations," and "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Courts typically weigh five factors to determine whether to dismiss for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id*. Courts "almost exclusively" apply these factors to "instances of litigation misconduct such as failure to comply with a scheduling order or timely to respond to pending motions." *Lewis v.*

*Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (affirming dismissal for failure to prosecute when litigant refused to testify at trial). These factors are "not particularly helpful" in cases where, as here, the litigant refused to testify to relevant matters at trial. *Id.* at 576–77; *see Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) ("It is beyond dispute that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial."). In such cases, courts may respond "more severely" than "typical failure[s] to comply with . . . discovery obligations on time, or . . . some other pre-trial deadline." *Lewis*, 564 F.3d at 580 (internal quotation marks omitted). Dismissal is "particularly appropriate" when the plaintiff refuses to proceed with trial after the jury has been selected and sworn. *Id.* at 581.

The District Court did not abuse its discretion in dismissing Lewis's case for failure to prosecute because Lewis refused to proceed with trial by declining to answer a relevant question, despite the court's repeated warnings that refusal would result in dismissal. *See id.* at 580–81. Dismissal was "particularly appropriate" because the jury was already selected and sworn. *Id.* at 581. As the District Court explained, proceeding with the trial despite Lewis's refusal to answer would (1) allow Lewis to undermine the role of the court by intentionally obstructing proceedings; (2) require the court to "strike evidence offered and claims made by [Lewis] based on [his] later refusal to answer questions," creating an "untenable" back and forth and jury confusion; and (3) cause prejudice to the defendants.

## II.     Lewis's Arguments

Lewis raises several other arguments unrelated to the grounds for dismissal. First, he asserts that he was unfairly prejudiced by certain statements that the judge and defendants' counsel made to the jury during the preliminary jury instructions and defendants' opening statement. These arguments fail because Lewis's case was dismissed before the jury returned a verdict; the statements could not have had a prejudicial effect on the jury.

He also argues that the District Court erred in denying his recusal motion and motion in limine concerning his prior convictions. We do not have jurisdiction to review these orders because, with exceptions inapplicable here, when a case is dismissed for failure to prosecute under Rule 41(b), interlocutory orders do not merge with the final judgment for purposes of appealability. *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) (allowing "a party who was disappointed by an interlocutory ruling [to] obtain an appeal of that ruling by simply refusing to prosecute his or her lawsuit" would "reward [that] party for dilatory and bad faith tactics" in contravention of the purpose of Rule 41(b) (internal quotation marks and citation omitted)).

Finally, Lewis argues that we erred in initially dismissing this appeal and denying his motion for reconsideration of that order. Construing these arguments as a motion for reconsideration of those rulings, we deny the motion so construed as moot in light of our subsequent reinstatement of his appeal. *See United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (A case or issue becomes moot when a party no longer has "an actual injury which is likely to be redressed by a favorable judicial decision.") (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

We have reviewed the remainder of Lewis's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court, and we **DENY** Lewis's motion for reconsideration of our prior rulings as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4