# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 19, 2024

Evan O. Williford, Esquire
The Williford Firm LLC
1007 North Orange Street, Suite 235
Wilmington, Delaware 19801

Tyler J. Leavengood, Esquire
Christopher N. Kelly, Esquire
Callen R. Jackson, Esquire
Christopher D. Renaud, Esquire
Ryan M. Ellingson, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, Delaware 19801

RE: *Paragon Technologies, Inc. v. Ocean Power Technologies, Inc., et al.*
C.A. No. 2024-0386-LWW

Dear Counsel,

Petitioner Paragon Technologies, Inc. moves to dismiss this action without prejudice under Court of Chancery Rule 41.[1] The respondents oppose the motion, arguing that this action should be dismissed with prejudice or, alternatively, that dismissal without prejudice be conditioned on Paragon's payment of their attorneys' fees and costs.[2]

Whether to permit voluntary dismissal under Rule 41(a)(2) is a discretionary matter for this court. In exercising its discretion, the court considers whether

---

[1] Dkt. 24.

[2] Dkt. 27.

dismissal would cause the defendants to suffer "plain legal prejudice."[3]  Relevant factors in evaluating such prejudice include: "(1) the defendants' effort and expense in preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) if a motion for summary judgment has been filed by the defendant."[4]

Factors one, two, and four counsel in favor of granting Paragon's motion.

Regarding the first and fourth factors, this case is in an early stage and limited time and effort have been expended.  Discovery has been light, with the parties exchanging written responses to discovery requests but little else.[5]  No dispositive motion practice has occurred.[6]

---

[3] *Draper v. Paul N. Gardner Defined Plan Tr*., 625 A.2d 859, 863 (Del. 1993).

[4] *Id.* at 864.

[5] *See ASX Inv. Corp. v. Newton*, 1994 WL 240697, at *2 & n.3 (Del. Ch. May 18, 1994) (granting voluntary dismissal without prejudice where documents had been produced and defendants sat for depositions).

[6] *See In re Marriott Hotel Props. II Ltd. P'ship Unitholders Litig*., 1997 WL 589028, at *7 (Del. Ch. Sept. 17, 1997) (granting voluntary dismissal without prejudice despite the defendant's substantial efforts litigating preliminary injunction and Rule 12(b)(6) motions).

Regarding the second factor, there is no excessive delay or lack of diligence by Paragon. This case was filed on April 11.[7] In May and early June, Paragon served discovery requests and written responses.[8] On June 9, Paragon indicated its intent to seek dismissal and on June 20, it filed this motion.[9] The respondents complain that Paragon was slow to negotiate and slightly late in meeting deadlines agreed on by the parties, but any delay is far from excessive.[10]

How the third factor cuts is less clear. Paragon did not provide an explicit reason for seeking dismissal. It says only that the dismissal should be without prejudice because the issues raised in this case are "pertinent to all Ocean Power [Technologies, Inc.] stockholders, not just Paragon."[11] Often, the court will consider whether a plaintiff is seeking voluntary dismissal to avoid an adverse trial result or

---

[7] Dkt. 1.

[8] *See* Dkts. 15-16, 19, 22.

[9] Dkts. 24, 27.

[10] *Cf. Ratkovich v. Smith Kline*, 951 F.2d 155 (7th Cir. 1991) (denying dismissal without prejudice where two years of discovery had passed, and the plaintiff repeatedly failed to timely answer interrogatories and could not produce documents supporting the core facts of his claim); *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir.1990) cert. denied, 498 U.S. 899 (1990) (denying dismissal without prejudice when the case had been pending for four years, extensive discovery had been taken, and the dismissal motion was filed a week before trial).

[11] Dkts. 24, 31.

to tactically pursue litigation elsewhere.[12]  I see nothing prompting such concerns here.  Nor do I see grounds to conclude that the litigation was filed to harass Paragon.

Overall, the *Draper* factors support a dismissal without prejudice.

The respondents' request that I condition dismissal on Paragon paying their attorneys' fees and costs is denied.  "The requirement that plaintiff pay defendant's attorneys' fees is a commonly applied condition" where a defendant is forced to bear the costs of duplicative work in a related proceeding filed elsewhere.[13]  Even in that scenario, though, fee shifting may be unwarranted.  In *ASX*, which the respondents rely on in seeking fees, the court granted an unconditional dismissal without prejudice despite the pendency of a related federal action.[14]  Here, the risk of duplicative efforts by the respondents is even lower since no other suit is filed in another court.  Nevertheless, if the respondents believe that they have grounds to seek fees and expenses from Paragon, I will retain jurisdiction to resolve that motion.

---

[12] *See Ramirez v. Cooper Tire & Rubber Co.*, 2020 WL 7587698, at *3 (Del. Super. Dec. 22, 2020); *In re Walt Disney Co. Deriv. Litig.*, 1997 WL 118402, at *4 (Del. Ch. Mar. 13, 1997); *AT&T Wireless Servs., Inc. v. Fed. Ins. Co.*, 2005 WL 2155695, at *4 (Del. Super. Aug. 18, 2005).

[13] *ASX*, 1994 WL 240697 at *3.

[14] *Id.* at *4.

Paragon's motion to dismiss is therefore granted. This action is dismissed without prejudice, subject to the court's retention of jurisdiction to hear any fee request made by the respondents.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor