16-1493-cv
Corrado v. New York State Unified Court System

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand seventeen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

NICOLE CORRADO,

> *Plaintiff-Appellant*,

> v.                                                                                  16-1493-cv

NEW YORK STATE UNIFIED COURT SYSTEM, LUIS GONZALEZ, JOHN MCCONNELL, ROY REARDON, JORGE DOPICO, ANGELA CHRISTMAS, NAOMI GOLDSTEIN, VINCENT RANIERE,

> *Defendants-Appellees*,

ALAN FRIEDBERG,

> *Defendant*.

_____

FOR PLAINTIFF-APPELLANT:                    NICOLE CORRADO, ESQ., proceeding *pro se*, Douglaston, New York.

FOR DEFENDANT-APPELLEE RANIERE: WENDY STRYKER, Frankfurt Kurnit Klein & Selz, P.C., New York, New York.

FOR OTHER DEFENDANTS-APPELLEES: DAVID LAWRENCE III (Barbara D. Underwood, Anisha S. Dasgupta, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Nicole Corrado, Esq., proceeding *pro se*, appeals from the district court's judgment dismissing the action with prejudice. Corrado, a former principal attorney for the Departmental Disciplinary Committee of the New York State Appellate Division, First Department ("DDC") of the New York State Unified Court System ("UCS"), sued UCS, and several UCS employees, bringing claims for sexual harassment and retaliation under federal, state, and city law. In a February 17, 2016 opinion, the district court dismissed several of Corrado's claims against the individual defendants as time-barred. On April 4, 2016, Corrado filed a letter to the district court "request[ing] that [her] case be discontinued." Pl.-Appellant App. 260. The district court construed Corrado's request as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) and dismissed the action with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Corrado asserts that the district court erred by dismissing the action with prejudice. "[I]f the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is

2

for dismissal with or without prejudice, the matter is left to the [court's] discretion . . . . The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367, Voluntary Dismissal—Effect of Dismissal (3d ed. 2017). As we have observed, "[v]oluntary dismissal without prejudice is . . . not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

Although Corrado was proceeding *pro se* at the time she filed the April 2016 letter, "*pro se* attorneys such as [Corrado] typically 'cannot claim the special consideration which the courts customarily grant to *pro se* parties.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (quoting *Harbulak v. Cty. of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981)). In her April 2016 letter, Corrado explained that "[m]ost importantly, this case has had dire consequences and effects on the emotional, personal and well-being of my daughter, and *I cannot continue to allow this devastating situation to further adversely affect her life*." Pl.-Appellant App. 259 (emphasis added). Corrado, in the next sentence, declared that "I wish to discontinue this litigation." *Id.* In addition to her statement that she "cannot continue" and the requests that she "wish[ed] to discontinue this ligation" and that her "case be discontinued," Corrado noted that she had "contacted numerous lawyers" and "tried to retain attorneys," but her "diligent[]" efforts to find counsel were met "without success." *Id.* at 259–60. In the letter (and throughout the proceedings below), Corrado proclaimed "repeatedly and unequivocally" that she "would not and could not proceed *pro se*." *Id.* at 259. Corrado refused to proceed without legal representation, notwithstanding the fact that "it is well-settled that, except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases." *Guggenheim Capital, LLC v.*

3

*Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013) (citations omitted). Indeed, during a conference five weeks prior to Corrado's April 2016 letter, Corrado said to Magistrate Judge Go that "I think I've made it clear, Your Honor, I am not representing myself in this case." Pl.-Appellant App. 245. Even when Magistrate Judge Go explained that Corrado "can't unilaterally decide that," Corrado insisted that "[n]o, that is my position. I *can* unilaterally decide that." *Id.* (emphasis added). In an order issued the next day, Magistrate Judge Go informed Corrado that "if she fails to obtain new counsel, she will be expected to proceed in this action by herself" and cited *Guggenheim*. *Id.* at 254. Corrado's April 2016 letter stating that she had "contacted numerous lawyers" and "tried to retain attorneys," but her "diligent[]" efforts to find counsel were met "without success," *id.* at 259–60, must be evaluated in this particular factual context.

In response to Corrado's letter, the district court dismissed the case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). In the court order, the district court provided the relevant context, explaining that "since discharging her previous attorney, [Corrado] has not been able to retain new counsel" and "refuses to prosecute her case pro se." *Id.* at 31. The district court continued, "[Corrado] may only dismiss her case under Rule 41(a)(2), which requires an order of this Court, 'on terms that the court considers just and proper.'" *Id.* at 31–32 (citing Fed. R. Civ. P. 41(a)(2)). "Upon review of the record," the district court dismissed the action with prejudice. *Id.* at 32. Based on our review of Corrado's letter and the record, we find no error in the district court's dismissal with prejudice. The dismissal was a matter well within the district court's discretion in light of the text of Corrado's April 2016 letter and the full record, including Corrado's persistence below in refusing to proceed *pro se* and the fact that the case had been

4

pending for four years.[1]

Because, in context and under this action's particular circumstances, the district court did not abuse its discretion in dismissing the entire action with prejudice, we need not review any prior orders in the action. In any event, we have considered Corrado's remaining arguments and find them to be without merit.[2] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The fact that Corrado is an attorney, and the unequivocal nature of her request to dismiss the action, distinguish *Smith v. Artus*, 522 F. App'x 82 (2d Cir. 2013) (summary order), on which Corrado relies, which held that a district court confronted with an ambiguous request for discontinuance from a non-lawyer *pro se* plaintiff should have taken steps to clarify the plaintiff's desires and be sure that he understood that the dismissal would be with prejudice.

[2] Among the additional unavailing arguments raised by Corrado is a challenge to the district court's dismissal of several of her claims as time-barred. That contention fails for substantially the reasons stated by the district court in its thorough and well-reasoned February 17, 2016 opinion.