**Darryl Glen RILEY, Plaintiff–Appellant,**

v.

**UNITED STATES of America, et al., Defendants–Appellees.**

**Nos. 02–6310(L), 02–6311(CON).**

United States Court of Appeals, Second Circuit.

Oct. 24, 2003.

Darryl Glen Riley, FCI Allenwood, White Deer, PA, for Appellant, pro se.

Phillip J. Miller, James H. Knapp, U.S. Attorney's Office Eastern District of New York Brooklyn, New York, for Appellee.

PRESENT: VAN GRAAFEILAND, B.D. PARKER, Circuit Judges, and BERMAN,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Darryl Glen Riley, *pro se*, appeals from the August 23, 2002 judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*), granting the government's motions: (1) dismissing an action commenced by Riley seeking the return of forfeited property; and (2) dismissing a civil forfeiture action against Riley.

Following Riley's 1998 arrest and conviction on various charges, including a criminal forfeiture count pursuant to 21 U.S.C. § 853, the district court for the Eastern District of Virginia issued a forfeiture order in the amount of two million, seventy-three thousand, seven hundred fifty dollars ($2,073,750). At the request of the government, the district court then issued an order forfeiting, as substitute assets: (1) $1,257.50 in cash; (2) various items of jewelry, valued at fifty-four thousand, four hundred ten dollars and ten cents ($54,410.10); and (3) the sale proceeds traceable to a 1996 Chevrolet Suburban, in the amount of four thousand, five hundred dollars ($4,500). After considering Riley's arguments opposing forfeiture the district court entered a final order of forfeiture. On appeal, the Fourth Circuit affirmed the district court's forfeiture order. *United States v. Riley*, 42 Fed.Appx. 596, 2002 WL 1760864 (4th Cir.2002).

In 1999, Riley filed a motion in the Eastern District of New York seeking the return of $54,410, the appraised value of the jewelry. In 2000, the Government commenced a civil forfeiture action seeking the forfeiture of the property enumerated above. In 2002, however, the Government learned of the final order of forfeiture issued in the Fourth Circuit and accordingly moved: (1) for summary judgment on the basis of collateral estoppel arising from the District of Virginia proceedings and (2) to voluntarily dismiss its forfeiture action pursuant to Federal Rule of Civil Procedure 41(a)(2). In August 2002, the court below dismissed both actions, citing the final order of forfeiture issued by the district court in the Eastern District of Virginia, and its affirmation by the Fourth Circuit. Judgment was entered on August 23, 2002, and Riley timely appealed.

Riley now argues that "the Eastern [D]istrict of New York is not and cannot be [bound] by the Eastern District of Virginia judgment on the forfeiture because that judgment is null and void because it lacked legal deficiency in venue and jurisdiction." The Government argues that the district court properly dismissed both actions on the basis of collateral estoppel.

This Court "review[s] a district court's grant of summary judgment based on the doctrine of collateral estoppel *de novo*, construing the record in the light most favorable to the non-moving party and drawing all inferences in that party's favor." *S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 303 (2d Cir.1999) (citation omitted). Under the doctrine of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any

* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

future lawsuit." *Schiro v. Farley,* 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994) (citation and internal quotation marks omitted). Generally, for collateral estoppel to apply, four prerequisites must be satisfied: (1) the issues in both proceedings must be identical; (2) the issue must have been actually litigated and actually decided in the prior proceeding; (3) there must have been a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the resolution of the issue must have been necessary to support a valid and final judgment on the merits. *Boguslavsky v. Kaplan,* 159 F.3d 715, 720 (2d Cir.1998); *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 44 (2d Cir.1986). Here, the district court properly concluded that this test had been met because: (1) both proceedings involved the identical property; (2) the issue was litigated and decided by the Eastern District of Virginia, and affirmed by the Fourth Circuit Court of Appeals; (3) Riley had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

In addition, the district court did not err in granting the Government's voluntary dismissal. A district court's voluntary dismissal of claims under Rule 41(a)(2) is reviewed for abuse of discretion. *Zagano v. Fordham University,* 900 F.2d 12, 14 (2d Cir.1990). This Court has noted that "[g]enerally ... a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" *Catanzano v. Wing,* 277 F.3d 99, 109 (2d Cir.2001)(*quoting Wakefield v. Northern Telecom, Inc.,* 769 F.2d 109, 114 (2d Cir.1985)). Having reviewed Riley's contentions, we can find no prejudice in the dismissal.

---

\* Although Riley appeals one judgment, which we affirm in No. 02–6311(Con), a separate appeal was, for unknown reasons, docketed in

For the above reasons, Riley's appeal in No. 02–6310(L) is DISMISSED,\* and the judgment of the District Court granting the Government's motions in No. 02–6311(Con) is AFFIRMED.

No. 02–6310(L) that raises no additional issues for our consideration. Because appeal No. 02–6310(L) is superfluous, we dismiss it.