19-17-cv
*Securities and Exchange Commission v. Afriyie*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of December, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
            CHRISTINA REISS,
                    *District Judge*.[*]

---

SECURITIES AND EXCHANGE COMMISSION,

    *Plaintiff-Appellee*,

UNITED STATES ATTORNEY'S OFFICE FOR THE
SOUTHERN DISTRICT OF NEW YORK                                    19-17-cv

    *Intervenor*,

    v.

JOHN AFRIYIE,

    *Defendant-Appellant*,

---

[*] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

LAWRENCIA AFRIYIE,

*Relief Defendant.*

---

**FOR PLAINTIFF-APPELLEE:**　　　　　　Daniel E. Matro, Senior Counsel (David D. Lisitza, Senior Litigation Counsel, and John W. Avery, Deputy Solicitor, *on the brief*) *for* Robert B. Stebbins, General Counsel, Securities and Exchange Commission, Washington, D.C.

**FOR DEFENDANT-APPELLANT:**　　　　Jonathan I. Edelstein, Edelstein & Grossman, New York, NY.

Appeal from a November 27, 2018 judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant John Afriyie ("Afriyie") appeals from a November 27, 2018 judgment entered in favor of Plaintiff-Appellee Securities and Exchange Commission ("SEC") that permanently enjoined Afriyie from violating § 10(b) of the Exchange Act and SEC Rule 10b-5. The District Court's judgment ordered Afriyie to disgorge his profits, with prejudgment interest, in the amount of $1,670,483.98, to be deemed satisfied if the forfeiture and restitution orders in his criminal case (*United States v. Afriyie*, No. 1:16-cr-377-PAE (S.D.N.Y.)) are satisfied, and to pay a civil penalty of $1,576,445.98. The District Court granted summary judgment in favor of the SEC after concluding that Afriyie's criminal conviction and the jury's forfeiture verdict collaterally estopped Afriyie from contesting his civil liability in the instant case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo*." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017) (citation omitted). We will affirm the district court's decision only after "resolving all ambiguities and drawing all reasonable inferences against the moving party" and determining "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." *Pippins v. KPMG, LLP*, 759 F.3d 235, 239 (2d Cir. 2014) (internal quotation marks and citation omitted). "The district court's judgment may be affirmed on any ground fairly supported by the record." *Trikona*, 846 F.3d at 29 (internal quotation marks omitted).

The parties' central dispute revolves around: (1) whether the jury's forfeiture verdict against Afriyie constitutes a "sentencing finding[ ]," to which the application of the doctrine of collateral estoppel "should be presumed improper" under *S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 306 (2d Cir. 1999); and, if so, (2) whether the *Monarch* presumption should be overcome because it is "clearly fair and efficient" to give preclusive effect to the sentencing finding, *id.* This disagreement raises "an issue rarely considered by this or any other Circuit: the applicability of collateral estoppel based upon earlier sentencing findings," *United States v. U.S. Currency in Amount of $119,984.00, More or Less*, 304 F.3d 165, 171 (2d Cir. 2002), with the added consideration of whether a forfeiture determination—admittedly, a necessary component of a criminal defendant's sentence, *see Libretti v. United States*, 516 U.S. 29, 38–39 (1995)—raises the same concerns that underlie the *Monarch* presumption against applying collateral estoppel to sentencing findings.

The District Court held that Afriyie's "forfeiture verdict was not a sentencing finding" because it was the result of "a trial on the merits of the forfeiture allegations." Special App'x at 14. Accordingly, the District Court did not address the applicability of the *Monarch* presumption and whether, under *Monarch*'s analytical framework, it would be "efficient" to extend preclusive effect to the forfeiture verdict.

We note that this Court has yet to define the precise contours of the *Monarch* presumption— specifically, whether the presumption extends to a forfeiture determination, particularly one that results from a jury verdict after a merits trial on the forfeiture allegations *and* also constitutes an element of the criminal sentence imposed.[1] We agree with the SEC, however, that this question need not be resolved here because, regardless of the doctrine of collateral estoppel, the SEC presented unrebutted evidence in support of the civil judgment entered against Afriyie—evidence that this Court deemed "overwhelming" in affirming the criminal conviction and forfeiture order against Afriyie. *United States v. Afriyie*, 929 F.3d 63, 70 (2d Cir. 2019).

The record in this case consists of, among other things, the SEC's unopposed statement of undisputed material facts, witness testimony and exhibits from the criminal and forfeiture trials, and the jury's forfeiture verdict against Afriyie. The evidence demonstrates that Afriyie's trades were based on his misappropriation of material nonpublic information and supports the specific amount of profits earned from his option trading. Recognizing that his criminal conviction precludes him from contesting civil liability for insider trading in the instant case, Afriyie focuses exclusively on

---

[1] In *Riley v. United States*, we affirmed by summary order a district court's decision to give collateral estoppel effect to a forfeiture determination. 78 F. App'x 774, 775–76 (2d Cir. 2003) (holding that a criminal forfeiture determination by the Eastern District of Virginia precluded relitigation of a defendant's right to a property in a subsequent federal suit in the Eastern District of New York). Putting aside the fact that *Riley* was not a precedential opinion, we note that the question of whether the *Monarch* presumption extends to a forfeiture determination was not raised in that case.

arguing that the civil monetary relief ordered against him is excessive because some of his trades were lawful. But Afriyie has had ample opportunities to proffer evidence in support of his contention that some of the trades were lawful *or* to show that there is a genuine issue of material fact precluding the District Court from granting summary judgment in favor of the SEC. Afriyie has done neither. Similarly, Afriyie has made no effort to dispute the SEC's calculation of his illegal profits.

On the basis of the record before us, we conclude that the SEC introduced unrebutted evidence establishing that all of Afriyie's trades were unlawful. Moreover, in the absence of any challenge to the civil monetary relief ordered by the District Court, we hold that the District Court properly granted summary judgment in favor of the SEC.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Afriyie on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 27, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court